UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, LLC
_____/

### NOTICE OF FILING SUPPLEMENTAL DECLARATION OF AMIN J. KHOURY IN SUPPORT OF NITRO'S MOTION TO DISQUALIFY

Nitro Leisure Products, LLC, through its undersigned attorneys Yocca Patch & Yocca LLP, hereby gives notice of the filing of the Supplemental Declaration of Amin J. Khoury in support of its Motion to Disqualify Greenberg Traurig.

YOCCA PATCH & YOCCA LLP

By: _____
Mark W. Yocca
California State Bar No. 137189
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:    (949) 253-0800
Facsimile:    (949) 253-0870

Steven E. Siff
Florida State Bar No. 352330
**McDERMOTT, WILL & EMERY**
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
Telephone:    (305) 358-3500
Facsimile:    (305) 347-6500

*Attorneys for Nitro Leisure Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, LLC

_____/

SUPPLEMENTAL DECLARATION OF AMIN J. KHOURY
RE: PLAINTIFF NITRO'S MOTION TO DISQUALIFY

I, AMIN J. KHOURY, declare as follows:

1. I am the Chief Executive Officer and the Chairman of the Board of Directors of Nitro Leisure Products, LLC ("Nitro"), and I have held those positions since 1997. I make this Supplemental Declaration in support of Nitro's Motion to Disqualify Greenberg Traurig ("Greenberg Firm") in this matter, and also make this Supplemental Declaration in response to the Greenberg Firm's opposition papers submitted against Nitro's

Executive Compensation Trust (the "Rabbi Trust"), the Supplemental Executive Retirement Plan (the "SERP"), and the Supplemental Executive Money Purchase Retirement Plan (the "MPP") maintained by B/E for my benefit. By way of example, Lapidus sent me a two page letter dated April 21, 1997, in which he provided me with legal counsel concerning my personal interests in the amendments to the Rabbi Trust, SERP, MPP, and employment agreement, including among other advice, counseling me on excise tax consideration. In fact, Lapidus advised me that I should seek additional consideration from B/E in the form of reimbursement from B/E should certain tax obligations arise. This advice appears inconsistent with Lapidus' recent claim that he represented B/E's interests only. Without waiving the attorney-client privilege to the contents of the April 21, 1997 letter, Lapidus personally advised me, among other things, that: "I also note that recent amendments to your Employment Agreement provide for you to receive additional payments of compensation in the event of a Change in Control. These additional payments could result in excess parachute payments that would be non-deductible to the Company and that would result in a 20% excise tax to you (in addition to the normal income tax). Many publicly-held companies agree to reimburse their most senior executives for these excise taxes and you may wish to

consider such a provision in your case." (Attached as **Exhibit A** to my Supplemental Declaration is a redacted copy of the April 21, 1997 letter.)

5.  To prevent any conflict of interest between Lapidus' representation of myself and the other executives, on the one hand, and the company on the other hand, B/E retained the law firm of Shearman & Sterling to review the amendments to ensure that they were fair to B/E. To that end, as I testified in my previous declaration, I gave my personal estate planning attorney John Hough ("Hough") carte blanche to discuss anything about my financial affairs with Lapidus to assist him in the formation of the various trusts and deferred compensation plans.

6.  As Lapidus admits in his declaration, he also conferred extensively with executives at B/E regarding the amendments to the employment agreements, especially with B/E's CFO McCaffrey. I authorized McCaffrey to speak with Lapidus on my behalf to make the appropriate changes to my employment agreement. McCaffrey was not representing B/E

sought my own personal financial statements and other personal asset information because I was required to guarantee many of Wellington Capital's loans. These financial statements, which Davis was and is privy to, disclosed my substantial investment in Nitro. Davis does not deny he received my financial statements and that he was aware of their content, including my investments in Nitro.

11. At no time prior to my receipt of the Davis declaration has either Davis or anyone from the Greenberg Firm advised me that they were limiting their representation of my personal interests solely to the issuance of opinion letters concerning Wellington Capital. It has been my understanding based upon the representations made by Davis and the Greenberg Firm that any communications and discussions by and between us were confidential and would be maintained by them as my counsel as such. No one from the Greenberg Firm has ever advised me that the information I provided them was not confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __11__ day of July, 2002, at _Wellington, FL_.

AMIN J. KHOURY

# EXHIBIT "A"



Steven B. Lapidus
(305) 579-0509

April 21, 1997

Mr. Amin Khoury, Chairman of the Board
BE Aerospace, Inc.
1400 Corporate Center Way
Wellington, FL  33414

Dear Mr. Khoury:

    I also note that recent amendments to your Employment Agreement provide for you to receive additional payments of compensation in the event of a Change in Control. These additional payments could result in excess parachute payments that would be nondeductible to the Company and that would result in a 20% excise tax to you (in addition to the normal income tax). Many publicly-held companies agree to reimburse their most senior executives for these

GREENBERG TRAURIG HOFFMAN LIPOFF ROSEN & QUENTEL, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131  305-579-0500  FAX 305-579-0717
MIAMI  NEW YORK  WASHINGTON, D.C.
FORT LAUDERDALE  WEST PALM BEACH  TALLAHASSEE  ORLANDO



Mr. Amin Khoury
April 21, 1997
Page 2

excise taxes and you may wish to consider such a provision in your case.

    If you have any questions with regard to any of the foregoing, please let me know.

                            Sincerely yours,

                            Steven B. Lapidus

SBL/mad

cc: Joseph A. Piegari
    Vincent Montanti

MIAMI/LAPIDUSS/858487/S##v011.DOC/4/21/97