# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 02-14008 CIV-MIDDLEBROOKS

**IN RE: NITRO LEISURE PRODUCTS, LLC.**

_____/

## ACUSHNET'S MOTION IN LIMINE TO EXCLUDE NITRO FROM INTRODUCING GOLF BALL TEST RESULTS IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION, AND SUPPORTING MEMORANDUM OF LAW

### I.

### INTRODUCTION

Acushnet Company ("Acushnet") moves in limine for an order excluding Nitro Leisure Products, LLC ("Nitro") from introducing any further evidence—in the form of test results or any other testimonial or documentary evidence—in opposition to Acushnet's pending Motion for Preliminary Injunction which is scheduled for hearing on August 7, 2002.

Despite having brought this action more than six months ago, despite having the results of the golf ball tests conducted by Acushnet's expert, Dr. David Felkner, for almost three months, and despite the fact that Acushnet's Preliminary Injunction Motion is set for argument in just over two weeks, Nitro has failed to produce to Acushnet or file any opposing test results of its own.

On July 12, 2002, Acushnet's received Nitro's disqualification reply papers in which Nitro revealed for the first time that it has been sitting on test results performed by its expert since at least June 13—results which Nitro says it "intends to submit . . . for the Court's review prior to the hearing on the preliminary injunction motion," but which it has chosen to conceal



1

from Acushnet and the Court "until the Greenberg Firm is removed."[1]  Acushnet had served

Nitro with discovery requests on June 14 narrowly targeted at obtaining any test results Nitro

intended to rely upon in opposing Acushnet's Motion for Preliminary Injunction.  Instead of

receiving Nitro's test results, however, Acushnet's counsel received on July 19 a flurry of Nitro

objections to Acushnet's discovery requests.

Nitro's decision to withhold from Acushnet, without leave of Court, test results that

potentially address a key issue in Acushnet's Motion for Preliminary Injunction, together with its

avowed intention to rely upon those same results in opposing Acushnet's Preliminary Injunction

Motion, violates the Federal Rules of Civil Procedure and is nothing more a flagrant attempt to

ambush Acushnet at the August 7, 2002 hearing on Acushnet's motion.  As such, Nitro's

anticipated attempt to supplement the record with "new facts" in the nature of test results and any

related expert testimony must be excluded from this Court's consideration of Acushnet's Motion

for Preliminary Injunction.

## II.

### BACKGROUND FACTS

Three months ago, on April 23, 2002, Acushnet filed, and served on Nitro's attorneys, a

Motion for Preliminary Injunction.  In support of that motion, Acushnet submitted eight (8)

declarations, including a declaration of Acushnet's expert, Dr. David Felker, testifying to test

results he had conducted on Nitro's golf balls.  Attached to Dr. Felker's declaration was the

entire analysis of Dr. Felker's testing and conclusions.  While Nitro, on May 14, 2002, submitted

evidence and declarations in opposition to Acushnet's motion, Nitro failed to submit any test

results of its own.  Instead, Nitro informed counsel for Acushnet that it needed until the week of

---

[1] Nitro's Reply Memorandum in Support of Motion to Disqualify at 2; Nitro's Reply Memorandum in Support of Motion for a Protective Order Staying Proceedings Pending Adjudication of Nitro's Motion to Disqualify Greenberg Traurig, at 6; and Declaration of Aaron A. Bartz at ¶ 3 and Exhibit A.

May 27, 2002 to submit its test results.[2]  While Acushnet did not agree to this late submission, it decided to await actual receipt of any results to evaluate whether there would be sufficient time to respond to those results prior to any hearing on Acushnet's motion.

On May 29, 2002—the week Nitro had promised its test results—Nitro's attorneys instead informed Greenberg Traurig ("GT") for the first time, after more than four months of hotly contested litigation that Nitro believed there were issues of conflict sufficient to require GT to recuse itself as attorneys for Acushnet in this matter.

When no test results were forthcoming from Nitro, Acushnet served narrow discovery requests on Nitro on June 14 targeted at obtaining any test results and related expert opinions on which Nitro intended to rely in opposition to Acushnet's Motion for Preliminary Injunction. Acushnet's First Request for Production of Documents and Things included a single request:

> For each expert plaintiff intends to call as a witness, whether in person or by declaration, at any hearing on Acushnet's pending Motion for Preliminary Injunction, a copy of the witness's resume, all written communications between the witness and Nitro, all documents evidencing any opinions formed by the witness relating to this action, and all data or other information considered by the witness in forming said opinions.[3]

Similarly, Acushnet's First Interrogatory asked the following question:

> Identify each expert whom Nitro intends to call as a witness, whether in person or by declaration, at any hearing on Acushnet's pending Motion for Preliminary Injunction and, as to each, state the substance of the facts and opinions to which the expert is expected to testify.[4]

On June 17, 2002, Nitro served its Motion to Disqualify and its Motion for Protective Order Staying Proceedings Pending an Adjudication of Nitro's Motion for Disqualification.

---

[2] Declaration of G. Roxanne Elings dated June 27, 2002 submitted in opposition to Nitro's motion seeking disqualification of Greenberg Traurig as attorneys for Acushnet ("Elings Dec."), ¶4.
[3] A copy of Acushnet's First Request for Production of Documents and Things is attached as Exhibit A.
[4] A copy of Acushnet's First Interrogatory is attached as Exhibit B.

Also on June 17, 2002, Acushnet's counsel wrote Nitro's counsel a letter requesting that Nitro agree to respond to Acushnet's discovery requests within a shortened time—seven (7) days—in view of the narrowness of the requests and based on counsel's understanding that Nitro's test results were supposed to have been completed in May.[5] Acushnet's June 17 letter also proposed that the parties complete their Rule 26 exchange of documents on June 21.

On June 19, 2002, Acushnet's counsel sent another letter to Nitro's counsel confirming Nitro's refusal to produce its test results to Acushnet and its refusal to complete the Rule 26 exchange of documents.[6] In this letter, Acushnet's counsel warned Nitro that if it refused to timely disclose its test results, Acushnet would oppose any attempt by Nitro to use those results in opposing Acushnet's Motion for Preliminary Injunction. The letter stated:

> [i]f those results and opinions in fact exist and Nitro refuses to disclose them, it cannot be heard to complain later when Acushnet objects to their being considered in opposition to Acushnet's Preliminary Injunction motion.

As such, Nitro was and has been on notice since June 19 that Acushnet would object to the introduction by Nitro of any new facts and information which Nitro had, but would not disclose under the shield of its pending disqualification motion.

On July 19, 2002, Acushnet's counsel received Nitro's responses to its discovery requests which were mailed on July 15, 2002. In its responses, Nitro objected to Acushnet's requests on the grounds that the requests are (1) premature because the parties have not exchanged Rule 26(f) discovery; (2) violate FRCP 26(a)(2)(c) and Local Rule 16.1(k), which do not require expert disclosures until 90 days before the pretrial conference; (3) violate the attorney-client privilege and work product doctrine; (4) are irrelevant since the Court will not be taking live

---

[5] *See* Letter from Martin Reeder to Steven Siff, dated June 17, 2002 and attached as Exhibit C.
[6] *See* Letter from Martin Reeder to Steven Siff, dated June 19, 2002 and attached as Exhibit D.

GREENBERG TRAURIG, P.A.

testimony at August 7 hearing on Acushnet's motion; and (5) that the requests are "potentially violative of the stay and may further exacerbate the irreparable harm levied on Nitro."[7]

Thus, the situation as of today, a little more than two weeks before the hearing on Acushnet's Motion for Preliminary Injunction, is that Acushnet, despite its best efforts since May to obtain Nitro's test results, is still without them, even as Nitro maintains that it intends to submit to the Court the results it has been concealing from Acushnet "for the Court's review prior to the hearing [on Acushnet's motion]."[8]

**III.**

**ARGUMENT**

**A.    Nitro's Golf Ball Test Results Should Be Excluded**

The Federal Rules of Civil Procedure, Rule 26(a)(1)(A)-(D), (2) and (3) governs deadlines for making initial disclosures, disclosure of expert testimony and for making final pretrial disclosures. *Id*. The drafters expected judges regularly to adjust these disclosure dates, as well as the sequence of disclosures from expert witnesses, so that they would be based on the specific needs and circumstances of each case. *See* Advisory Committee Notes to 1993 to Fed. R. Civ. P. 16.  However these adjustments must be made based on considerations of fairness. Here Nitro admits it has performed tests on golf balls, the results of which are discoverable and obviously critical to Acushnet's case-in-chief for its Motion for Preliminary Injunction.  Indeed, Acushnet bears the burden at the preliminary injunction stage.

Since it is undisputed that Nitro continues to engage in the infringing conduct Acushnet complains of, any evidence Nitro possesses with respect to defenses to Acushnet's infringement claims is discoverable and should have *already* been produced pursuant to Rule 26.  As such,

---

[7] *See* Nitro's responses to Acushnet's discovery requests, dated July 15, 2002 attached as Exhibits E and F.
[8] Nitro's Reply Memorandum in Support of Motion for Protective Order Staying Proceedings Pending an Adjudication of Motion for Disqualification, dated July 11, 2002, at 6.

5

GREENBERG TRAURIG, P.A.

Nitro's failure to disclose its test results violates F.R.C.P., Rule 26, is prejudicial to Acushnet and is subject to sanction under F.R.C.P., Rule 37(c)(1). Accordingly, Nitro should not be permitted to introduce any evidence relating to the results of any tests it has conducted for the purpose of challenging Acushnet's Motion for Preliminary Injunction.

The Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947) stated that the "pre-trial deposition-discovery mechanism established by Rule 26 to Rule 37 is one of the most significant innovations of the Federal Rules of Civil Procedure". *Id.* at 500. The Court added that the "deposition-discovery rules are to be accorded a broad and liberal treatment" since it "advances the stage at which disclosure can be compelled from time of trial to the period proceeding it, thus reducing the possibility of surprise". *Id.* "Discovery together with pretrial procedures makes a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the *fullest practicable extent. Id.* (emphasis added). Thus, "only strong public policies weigh against disclosure". *U.S. v. Procter & Gamble Co.*, 356 U.S. 677 (1958).

The Fed. R. Civ. P., Rule 37(c)(1) provides in part,

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, *at a hearing* or on a motion any witness or information not so disclosed . . . . (emphasis added)

This rule provides for mandatory sanctions for Rule 26(e) violations, and clearly contemplates stricter adherence to discovery requirements and harsher sanctions for breaches of this rule. *Burney v. Rheem Manufacturing, Co.*, 196 F.R.D. 659, 691 (M.D. Ala. 2000). The required sanction in the ordinary case is mandatory preclusion. *Id., see also, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Klonoski M.D. v. Mahlab M.D.*, 156 F.3d 255, 269 (1st Cir. 1998); *Licciardi v. TIG Ins. Group*, 140 F.3d 357 (1st Cir. 1998)(Court

condemned trial by ambush tactics where there was a divergence between the pretrial disclosure of the testimony of the party's expert witness and his trial testimony). The district court enjoys considerable discretion in determining when the sanction under Rule 37 is to be properly imposed. *Crawford v. NCB, Inc.,* No. 00-6625 CIV, 2001 W.L. 833715 *1 (S.D. Fla., May 17, 2001).

"Among the factors which the court should take into consideration in determining whether to exclude evidence are 'the explanation, if any, for the failure to disclose, the importance of the evidence, the need to for time to prepare to meet the evidence, and the possibility of a continuance'". *Id.* at *1, *quoting Washington Hospital center v. Cheeks,* 394 F.2d 964, 965 (D.C. Cir. 1994). Moreover, under Rule 37, the burden of establishing that non-disclosure is "substantially justified or harmless" is on the party who failed to disclose the information. *Burney* 196 F.R.D. 659, at n. 29. The information at issue here—Nitro's golf ball test results—is and has been within Nitro's knowledge and control during the time for mandatory initial disclosure. *Id.* Yet, Nitro has not only failed, but has *refused* to produce its test results.

Nitro will no doubt claim its pending disqualification motion and motion to protective order staying proceedings as "substantial justification" for its decision to withhold its test results from Acushnet. By advancing such an argument, Nitro is using its disqualification motion as both a sword and a shield. This court should reject this approach and hold Nitro to the consequences of its calculated decision to withhold available, discoverable evidence. If this Court were to allow the admission of Nitro's test results for purposes of challenging Acushnet's Motion for Preliminary Injunction, the untimely-disclosed evidence would deprive Acushnet of any meaningful opportunity to investigate and challenge Nitro's test results by the submission of rebuttal evidence and argument in support of its Motion for Preliminary Injunction.

Courts in this Circuit and others have unanimously held that where, as here, critical discoverable information or testimony has been withheld, the appropriate minimal sanction is the preclusion of any evidence so tendered. *See e.g., Inmuno Vital, Inc. v. Telemundo Group, Inc.,* 203 F.R.D. 561 (S.D. Fla. 2001)(Court excluded and struck under Rule 37(d), defendant's witness' testimony where defendant had failed to timely produce the witness for deposition); *Stallworth v. E-Z Serve Convenience Stores,* 199 F.R.D. 366, 368-9 (M.D. Ala. 2001)(Court granted motion to strike and for sanctions under Rule 37(c) when defendant did not diligently attempt to retrieve highly relevant and crucial document in time for summary judgment); *Snow v. Bellay Mfg. & Repair,* Civ. A. No. 1:94CV957JTC, 1995 WL 902210 (N.D. Ga. Sept. 26, 1995) (court authorized sanction of preclusion for testimony of witness and physical evidence untimely identified); *ALW Marketing Corp v. Curtis Cobb,* Civ. Action No. 1:91-cv-545-RLV, 1991 U.S. Dist. Lexis 2026 (N.D. Ga, Dec. 30, 1991)(court granted motion *in limine* to strike any evidence from consideration at a preliminary injunction hearing which was untimely tendered).

Indeed, this Court has previously applied the sanction of excluding belatedly tendered critical documents and striking from a party's witness list a name not disclosed until after the discovery cut-off. *Sabino Rabello v. Bell Helicopter Textron, Inc.,* 200 F.R.D. 484, 489 (S.D. Fla. 2001)(King, J.); *see also Rose Domke v. McNeil-P.P.C., Inc.* Case No.: 95-382-T-CIV-17A, 1996 U.S. Dist. LEXIS 14768 at *5(M.D. Fla. Sept. 26, 1996)(Kovachevich, J.).

Any argument by Nitro that it was entitled to keep its test results secret from Acushnet while its Motion to Disqualify was pending it without merit. Nitro cannot conceivably suffer any harm by being required to produce to Acushnet test results performed by an outside expert for this litigation which Nitro has declared it intends to submit to the Court in opposition to Acushnet's Motion for Preliminary Injunction. To the contrary, the party that has been

prejudiced by Nitro's decision to conceal its test results is Acushnet.  Therefore, Nitro's test results should be excluded from the Court's consideration for purposes of Acushnet's Motion for Preliminary Injunction and the August 7, 2002 hearing thereon.  To allow Nitro to use its disqualification motion both as a sword and a shield would be unfair and highly prejudicial to Acushnet and contrary to public policy.

## IV.

## CONCLUSION

For all the reasons set forth above, the Court should grant Acushnet's motion *in limine* to exclude the results of Nitro's golf ball tests and any expert testimony or evidence concerning those tests.

## CERTIFICATION

The undersigned counsel hereby certifies that, prior to filing this motion, he conferred with opposing counsel about this motion in a good faith effort to resolve the matters at issue, but that counsel were unable to resolve those matters as of the date this motion was filed.

GREENBERG TRAURIG, LLC
885 Third Avenue
New York, New York 10022
Telephone:  (212) 801-2100
Facsimile:  (212) 688-2449
Harley I. Lewin
  lewinh@gtlaw.com
Daniel A. Ladow
  ladowd@gtlaw.com
G. Roxanne Elings
  elingsr@gtlaw.com

and

REEDER & REEDER P.A.
675 W. Indiantown Road, Suite 201
Jupiter, Florida  33458

Tel: 561-575-9750
Fax: 561-575-9765

By: _____

    L. Martin Reeder, Jr., Esq.
    Florida. Bar No. 308684
    martin@reederandreeder.com

*Attorneys for Acushnet Company*

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the forgoing motion was served by facsimile copy and U.S. Mail this 22nd day of July 2002 on the following:

Steven E. Siff, Esq.
McDermott, Will & Emory
201 South Biscayne Boulevard
22nd Floor
Miami, Florida  33131

And

Mark W. Yocca, Esq.
Yocca Patch & Yocca LLP
19900 MacArthur Boulevard, Suite 650
Irvine, California  92612

_____

L. Martin Reeder, Jr.

GREENBERG TRAURIG, P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, L.L.C.

_____/

## ACUSHNET'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS AND THINGS

Defendant Acushnet Company ("Acushnet"), pursuant to Rules 26 and 34, Federal Rules

of Civil Procedure, and Local Rule 16.1, requests that plaintiff Nitro Leisure Products, L.L.C.,

d/b/a Golfballsdirect.com, Second Chance, Nitro, Nitro.com, Nitrogolf, Nitrogolf.com, and Tour

II (hereinafter "Nitro"), produce the following documents and things for inspection and copying

at the offices of Greenberg Traurig , P.A., 777 South Flagler Drive, Suite 300-East, West Palm

Beach, Florida  33401, within **seven (7) days** of service hereof.

### REQUEST

For each expert plaintiff intends to call as a witness, whether in person or by declaration,

at any hearing on Acushnet's pending Motion for Preliminary Injunction, a copy of the witness's

resume, all written communications between the witness and Nitro, all documents evidencing

any opinions formed by the witness relating to this action, and all data or other information

considered by the witness in forming said opinions.

GREENBERG TRAURIG, P.A.

777 South Flagler Drive, Suite 300-East
West Palm Beach, FL  33401
Telephone:  (561) 650-7970
Facsimile:   (561) 655-6222

By: _____

L. Martin Reeder, Jr.
Florida Bar No. 308684
reederm@gtlaw.com

*Exhibit "A"*

GREENBERG TRAURIG, P.A.

In Re:  Nitro Leisure Products, L.L.C.
Case No. 02-14008-CIV-MIDDLEBROOKS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Interrogatory was served this 14 th day of June 2002, by facsimile copy and U.S. Mail upon the following:

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Blvd.
22nd Floor
Miami, FL  33131-4336

Robert W. Zelnick, Esq.
John J. Dabney, Esq.
McDermott, Will & Emery
600 13th Street N.W.
Washington, DC  20005

Paul Kim, Esquire
Ryan Mark Patch, Esquire
Mark Yocca, Esquire
19900 MacArthur Boulevard
Suite 650
Irvine, California  92612

*Counsel for Nitro Leisure Products, LLC*

_____
L. Martin Reeder, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 02-14008-CIV-MIDDLEBROOKS

IN RE:  NITRO LEISURE PRODUCTS, L.L.C.

_____/

### ACUSHNET'S  NOTICE OF SERVING INTERROGATORY

ACUSHNET COMPANY gives notice of serving its first Interrogatory on plaintiff Nitro Leisure Services, L.L.C., this 14th day of June,  2002.

GREENBERG TRAURIG, P.A.
777 South Flagler Drive, Suite 300-East
West Palm Beach, FL  33401
Telephone:  (561) 650-7900
Facsimile:   (561) 655-6222

By:  _____
L. Martin Reeder, Jr.
Florida Bar No. 308684

Harley I. Lewin, Esquire
GREENBERG TRAURIG, P.A.
885 Third Avenue
New York, New York    10022
Telephone:  (212) 801-2100
Facsimile:  (212) 801-6480

*Counsel   for   Defendant   Acushnet   Company*

Exhibit "B"

GREENBERG TRAURIG. P.A.

In re: Nitro Leisure Products, L.L.C.
Case No. 02-140008-CIV-MIDDLEBROOKS

Harley I. Lewin
GREENBERG TRAURIG, L.L.C.
885 Third Avenue
New York, New York 10022
Telephone:  (212) 801-2100
Facsimile:  (212) 688-2449
*Counsel for Acushnet Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing First Request For Production Of Documents was served this /4th day of June, 2002 by facsimile copy and U.S. Mail upon the following:

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Blvd.
22nd Floor
Miami, FL  33131-4336

Robert W. Zelnick, Esq.
John J. Dabney, Esq.
McDermott, Will & Emery
600 13th Street N.W.
Washington, DC   20005

Paul Kim, Esquire
Ryan Mark Patch, Esquire
Mark Yocca, Esquire
19900 MacArthur Boulevard
Suite 650
Irvine, California   92612

*Counsel for Nitro Leisure Products, LLC*

L. Martin Reeder, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, L.L.C.

_____/

## ACUSHNET'S FIRST INTERROGATORY

Pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, and Local Rule 16.1, defendant Acushnet Company ("Acushnet"), requests that plaintiff Nitro Leisure Products, L.L.C., d/b/a Golfballsdirect.com, Second Chance, Nitro, Nitro.com, Nitrogolf, Nitrogolf.com and Tour II, (hereinafter "Nitro") answer the following Interrogatory in writing and under oath within **seven (7)** days after service hereof.

## INTERROGATORY

Identify each expert whom Nitro intends to call as a witness, whether in person or by declaration, at any hearing on Acushnet's pending Motion for Preliminary Injunction and, as to each, state the substance of the facts and opinions to which the expert is expected to testify.

NITRO'S ANSWER:

1

In Re: Nitro Leisure Services, L.L.C.
Case No. 02-14008-CIV-MIDDLEBROOKS

Nitro Leisure Products, Inc.

By:_____

Its:_____


State of _____

County of_____

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid to take acknowledgements, personally appeared _____ as _____ of Nitro Leisure Products, L.L.C., who executed the foregoing answer to interrogatory and s/he acknowledged before me that s/he executed the same to the best of his/her knowledge and belief.

    WITNESS my hand and official seal in the County and State aforesaid this _____ day of _____, _____.

| [Notary Seal] | Notary:_____<br>Print Name:_____<br>My commission expires:_____ |

        Personally known [  ] or Produced Identification [  ]
        Type of Identification Produced _____

2

In Re: Nitro Leisure Services, L.L.C.
Case No. 02-14008-CIV-MIDDLEBROOKS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Interrogatory was served this _14th_ day of June, 2002

by facsimile copy and U.S. Mail upon the following:

Steven E. Siff, Esq.
McDermott, Will & Emery
201 South Biscayne Blvd.
22nd Floor
Miami, FL  33131-4336

Robert W. Zelnick, Esq.
John J. Dabney, Esq.
McDermott, Will & Emery
600 13th Street N.W.
Washington, DC   20005

Paul Kim, Esquire
Ryan Mark Patch, Esquire
Mark Yocca, Esquire
19900 MacArthur Boulevard
Suite 650
Irvine, California   92612

*Counsel for Nitro Leisure Products, LLC*

GREENBERG TRAURIG, P.A.
777 South Flagler Drive, Suite 300-East
West Palm Beach, FL  33401
Telephone:  (561) 650-7900
Facsimile:   (561) 655-6222

By: _____
L. Martin Reeder, Jr.
Florida Bar No. 308684
  reederm@gtlaw.com
Harley I. Lewin
GREENBERG TRAURIG, L.L.C.
885 Third Avenue
New York, New York 10022
Telephone:  (212) 801-2100
Facsimile:  (212) 688-2449

*Counsel for Acushnet Company*

3

# GREENBERG

A T T O R N E Y S   A T   L A W

# TRAURIG

**L. MARTIN REEDER, JR.**
WEST PALM BEACH OFFICE

**DIRECT DIAL: (561) 650-7970**
Email: reederm@gtlaw.com
http://www.gtlaw.com

June 17, 2002

<u>By facsimile copy (305-347-6500) and U.S. Mail</u>

Steven E. Siff, Esquire
McDermott, Will & Emery
201 South Biscayne Boulevard
22nd Floor
Miami, Florida   33131

> Re:   In Re: Nitro Leisure Products, LLC
>         Case No. CA-14008-CIV-MIDDLEBROOKS

Dear Steve:

We propose that the parties make their Rule 26 disclosures this Friday, June 21.  Please let me know if that is agreeable to Nitro.

Also, please let me know whether Nitro is agreeable to Acushnet's request that the time for responding to the request to produce and interrogatory we served last Friday, June 14, be shortened to seven (7) days.  We believe the shorter response time is warranted because these are narrow discovery requests that pertain to Acushnet's PI motion, and based upon our understanding that Nitro has completed test results it intends to rely upon in opposing Acushnet's motion.

Please let me know whether Nitro is agreeable to making Rule 26 disclosures on the 21st and whether it is agreeable to shortening the response time on Acushnet's discovery as requested.

Very truly yours,

L. Martin Reeder, Jr.

*Exhibit   "C"*

GREENBERG TRAURIG, P.A.
P.O. BOX 20629  WEST PALM BEACH, FLORIDA 33416-0629
561-650-7900  FAX 561-655-6222  www.gtlaw.com
777 SOUTH FLAGLER DRIVE  SUITE 300 EAST  WEST PALM BEACH, FLORIDA 33401
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE

Steven Siff, Esq.
June 17, 2002
Page 2


LMRjr/ja

cc:     Mark W. Yocca, Esq.
        Harley Lewin, Esq.

GREENBERG

A T T O R N E Y S   A T   L A W

TRAURIG

**L. MARTIN REEDER, JR.**
WEST PALM BEACH OFFICE

**DIRECT DIAL:  (561) 650-7970**
Email: reederm@gtlaw.com
http://www.gtlaw.com

June 19, 2002

<u>By facsimile copy (305-347-6500) and U.S. Mail</u>

Steven E. Siff, Esquire
McDermott, Will & Emery
201 South Biscayne Boulevard
22nd Floor
Miami, Florida  33131

Re:    In Re: Nitro Leisure Products, LLC
       Case No. CA-14008-CIV-MIDDLEBROOKS

Dear Steve:

This will respond to your letter on behalf of Nitro refusing to make Rule 26 disclosures and refusing to respond to Acushnet's recent limited discovery requests directed to any new test results or opinions by Nitro's experts relating to Acushnet's pending Preliminary Injunction motion.

Regarding the Rule 26 disclosures, your statement that I "could not agree" when you proposed that the parties make Rule 26 disclosures prior to May 29 is untrue.  We have at all times been willing to make those disclosures to Nitro and have never declined a request by you that we do so.  Acushnet remains willing to make those disclosures this Friday as we have proposed or at any other mutually convenient time.

With regard to Acushnet's limited discovery requests, those were intended to obtain the results of the testing you told us was being done last month, but which Nitro failed to include in its opposition papers.  If those results and opinions in fact exist and Nitro refuses to disclose them, it cannot be heard to complain later when Acushnet objects to their being considered in opposition to Acushnet's Preliminary Injunction motion.  Other than the tests results and any opinions relating thereto, Acushnet does not at this time anticipate the need to conduct any


Exhibit "D"

GREENBERG TRAURIG, P.A.
P.O. BOX 20629 WEST PALM BEACH, FLORIDA 33416-0629
561-650-7900  FAX 561-655-6222  www.gtlaw.com
777 SOUTH FLAGLER DRIVE SUITE 300 EAST WEST PALM BEACH, FLORIDA 33401
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE

Steven Siff, Esq.
June 19, 2002
Page 2

further discovery prior to the August 7 hearing at which argument is to be heard on the Preliminary Injunction motion.

Very truly yours,

L. Martin Reeder, Jr.

LMRjr/ja

cc:   Mark W. Yocca, Esq.
       Harley Lewin, Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, LLC

_____/

## RESPONSE OF NITRO LEISURE PRODUCTS, LLC
## TO ACUSHNET'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

Nitro Leisure Products, LLC ("Nitro") responds to Acushnet Company's ("Acushnet") First

Request for Production of Documents and things as follows:

## ACUSHNET'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS AND THINGS

For each expert plaintiff intends to call as a witness, whether in person or by

declaration, at any hearing on Acushnet's pending Motion for Preliminary Injunctions, a copy

of the witness's resume, all written communications between the witness and Nitro, all

documents evidencing any opinions formed by the witness relating to this action, and all data

or other information considered by the witness in forming said opinions.

Nitro\Acushnet\Pleadings020712.Resp.2.1st.RFP.wpd

_Exhibit "E"_

## NITRO'S RESPONSE TO ACUSHNET'S FIRST
## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

       Nitro objects to this Request on the basis that it is premature because the parties have not yet conducted a Rule 26(f) exchange, which is a prerequisite to any discovery under 26(d) of the Federal Rules of Civil Procedure. Nitro further objects to this Request because it violates FRCP 26(a)(2)(c) and Local Rule 16.1(k), which do not require expert disclosures until 90 days before the pretrial conference. Nitro further objects to this Request because it may violate the attorney-client privilege and work product doctrine. Nitro further objects to this Request because it is overbroad, burdensome, oppressive, and compound. Nitro further objects to this Request on the grounds of relevance because the Court will not be taking live testimony at the time of the Preliminary Injunction hearing. Finally, Nitro objects on the grounds that there is a Motion for a Stay and a Motion to Disqualify pending before this Court. Acushnet's discovery requests are potentially violative of the stay and may further exacerbate the irreparable harm levied on Nitro.

YOCCA PATCH & YOCCA LLP

By: _____
     Paul Kim
     California State Bar No.157608
     19900 MacArthur Boulevard, Suite 650
     Irvine, California 92612
     Telephone:    (949) 253-0800
     Facsimile:    (949) 253-0870

     Steven E. Siff
     Florida State Bar No. 352330
     **McDERMOTT, WILL & EMERY**
     201 South Biscayne Boulevard, 22nd Floor
     Miami, Florida 33131
     Telephone:    (305) 358-3500
     Facsimile:    (305) 347-6500
     *Attorneys for Nitro Leisure Products, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **RESPONSE OF NITRO LEISURE PRODUCTS, LLC TO ACUSHNET'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** was served this _15_ day of July, 2002, by First Class Mail, postage prepaid, upon the following:

L. Martin Reeder, Jr., Esq.
**REEDER & REEDER P.A.**
675 Indiantown Road, Suite 201
Jupiter, Florida 33458

Harley I. Lewin, Esq.
**GREENBERG TRAURIG P.A.**
885 Third Avenue
New York, New York 10022

_____
**Paul Kim**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  02-14008-CIV-MIDDLEBROOKS**



IN RE:  NITRO LEISURE PRODUCTS, LLC

_____/

## RESPONSE OF NITRO LEISURE PRODUCTS, LLC TO ACUSHNET'S FIRST INTERROGATORY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Nitro Leisure Products, LLC ("Nitro") responds to Acushnet Company's ("Acushnet") First

Interrogatory as follows:

## ACUSHNET'S FIRST INTERROGATORY

Identify each expert whom Nitro intends to call as a witness, whether in person or by

declaration, at any hearing on Acushnet's pending Motion for Preliminary Injunction and,

as to each, state the substance of the facts and opinions to which the expert is expected to

testify.

Nitro\Acushnet\Pleadings020712.Resp.2.1st.Rogg.wpd

*Exhibit "F")*

## NITRO'S RESPONSE TO ACUSHNET'S FIRST INTERROGATORY

Nitro objects to this Interrogatory on the basis that it is premature because the parties have not yet conducted a Rule 26(f) exchange, which is a prerequisite to any discovery under 26(d) of the Federal Rules of Civil Procedure. Nitro further objects to this Interrogatory because it violates FRCP 26(a)(2)(c) and Local Rule 16.1(k), which do not require expert disclosures until 90 days before the pretrial conference. Nitro further objects to this Interrogatory because it may violate the attorney-client privilege and work product doctrine. Nitro further objects to this Interrogatory because it is overbroad, burdensome, oppressive, and compound. Nitro further objects to this Interrogatory on the grounds of relevance because the Court will not be taking live testimony at the time of the Preliminary Injunction hearing. Finally, Nitro objects on the grounds that there is a Motion for a Stay and a Motion to Disqualify pending before this Court. Acushnet's discovery requests are potentially violative of the stay and may further exacerbate the irreparable harm levied on Nitro.

YOCCA PATCH & YOCCA LLP

By: _____
Paul Kim
California State Bar No. 157608
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:    (949) 253-0800
Facsimile:    (949) 253-0870

Steven E. Siff
Florida State Bar No. 352330
**McDERMOTT, WILL & EMERY**
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
Telephone:    (305) 358-3500
Facsimile:    (305) 347-6500
*Attorneys for Nitro Leisure Products, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **RESPONSE OF NITRO LEISURE PRODUCTS, LLC TO ACUSHNET'S FIRST INTERROGATORY** was served this /5 day of July, 2002, by First Class Mail, postage prepaid, upon the following:

L. Martin Reeder, Jr., Esq.
**REEDER & REEDER P.A.**
675 Indiantown Road, Suite 201
Jupiter, Florida 33458

Harley I. Lewin, Esq.
**GREENBERG TRAURIG P.A.**
885 Third Avenue
New York, New York 10022

**Paul Kim**