UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-14008-CIV-MIDDLEBROOKS

NIGHT BOX
FILED

FEB 13 2003

CLERK, USDC / SDFL / WPB

IN RE: NITRO LEISURE PRODUCTS, LLC

_____/

**AGREED UPON MOTION OF PLAINTIFF NITRO LEISURE PRODUCTS, LLC
FOR AN ORDER EXTENDING TIME TO RESPOND TO DISCOVERY**

Pursuant to Federal Rules of Civil Procedure 6(b), 26(c), 33(b)(3) and 34(b) and Local Rule 7.1(i), Plaintiff NITRO LEISURE PRODUCTS, LLC ("Nitro"), by and through undersigned counsel, hereby moves the Court for an Order granting Nitro a thirty (30) day extension of time in which to respond to each of the four discovery requests that Acushnet served on January 16, 2003. The grounds for this motion are as follows:

1.  On January 16, 2003, Defendant and Counter-Claimant Acushnet Company ("Acushnet") served by mail the following discovery requests: (1) Defendant Acushnet Company's First Request for Production of Documents and Things to Plaintiff Nitro Leisure Products, Inc.; (2) Defendant Acushnet Company's Second Request for Production of Documents and Things to Plaintiff Nitro Leisure Products, Inc.; (3) Defendant Acushnet Company's First Request for Production of Documents and Things to Plaintiff Nitro Leisure Products, Inc.; and (4) Defendant, Acushnet Company's Set of Interrogatories to Plaintiff, Nitro Leisure Products, Inc. [hereinafter collectively referred to as "Acushnet's Discovery Requests"].

2.  Acushnet's Discovery Requests are quite voluminous and most likely will take Nitro a substantial amount of time to complete. In particular, Acushnet's Discovery Requests consist of 236 document requests and seven comprehensive interrogatories. Among other things, the

MIA 266658-1.051998.0073



interrogatories request Nitro to explain in detail: the factual bases "for Nitro's claims and defenses in this lawsuit, including the identification of all evidence, persons, acts and documents that support or tend to contradict Nitro's claims set forth in its Complaint, as amended, or that either support or tend to contradict Nitro's denials of allegations or defenses as set forth in its Reply, as amended" (Interrogatory No. 3); Nitro's sales and marketing strategy (Interrogatory No. 4) and the processes that Nitro uses in refurbishing its golf balls for sale (Interrogatory No. 5).

3. Nitro needs additional time to compile the extensive information and documents necessary to respond to Acushnet's Discovery Requests. This is Nitro's first request for an extension time to respond to discovery in this matter.

## CERTIFICATION

I, the undersigned counsel for Nitro Leisure Products, LLC, hereby certify that I have conferred with opposing counsel, Robert L. Ciotti, Esquire, in a good faith effort to resolve the issues raised in this motion. Acushnet Company does not object to the motion and has agreed to extend for thirty (30) days the time in which Nitro has to respond to Acushnet's Discovery Requests.

McDERMOTT, WILL & EMERY

By: _____
Steven E. Siff
Florida State Bar No. 352330
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
Telephone: (305) 358-3500
Facsimile: (305) 347-6500

YOCCA, PATCH & YOCCA
Mark W. Yocca
California State Bar No. 137189
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:   (949) 253-0800
Facsimile:    (949) 253-0870

*Attorneys for Nitro Leisure Products, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Agreed Upon Motion of Plaintiff Nitro Leisure Products, LLC For An Order Extending Time to Respond to Discovery was served via regular U.S. Mail this ___13th___ day of February, 2003, on Jeffrey M. Cohen, Esq., Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, Florida 33131 and C. Douglas McDonald, Jr., Esq., Carlton Fields, P.A., 777 S. Harbour Island Boulevard, Tampa, Florida 33602.

_____
Steven E. Siff

3

MIA 266658-1.051998.0073