UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO.: 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, LLC,
_____/

**MOTION BY THE SPORTS AUTHORITY, INC., FOR
PROTECTIVE ORDER AND MEMORANDUM OF LAW**

The Sports Authority, Inc. ("TSA") moves pursuant to Rule 26(c)(7), Fed.R.Civ.P., for entry of a protective order relating to the subpoena duces tecum served on it in this action and as grounds therefor states as follows:

1. On May 23, 2003, counsel for Nitro Leisure Products, LLC ("Nitro") served upon TSA a subpoena duces tecum, a copy of which is attached as Exhibit "A."

2. The subpoena seeks production of various categories of documents, most of which contain highly confidential commercial information relating to the business relationships between TSA and Nitro and Defendant Acushnet Company ("Acushnet"), who are suppliers of golf balls and other golf-related sporting goods to TSA. The information requested includes, among other things, highly sensitive information relating to prices, margins, terms, sales volumes, projections, business methodology in product selection, etc.

3. Disclosure of the requested documents would cause substantial harm to TSA's business, in particular placing competitors in a better competitive position and harming TSA's ability to negotiate with Nitro and Acushnet, who are competing suppliers.

4. The information requested is not relevant to Nitro's case, nor will it lead to admissible evidence. All of the information relevant to Nitro's claim is available from Nitro's own internal business records as well as the business records of Acushnet.

WHEREFORE, TSA respectfully requests that the Court enter a protective order regarding

the requested discovery, to remain in effect until an appropriate confidentiality order is entered which properly protects the confidential commercial information requested from TSA.

## MEMORANDUM OF LAW

Rule 26(c), Fed.R.Civ.P., permits a person from whom discovery is sought to obtain any order which justice requires to protect that person from "oppression, or undue burden..., including ...(7) that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." The highly confidential commercial information sought by Nitro is precisely the type of information for which Rule 26(c)(7) was designed. See, e.g., In Re Wilson, 149 F.3d 249 (4th Cir. 1998).

## CERTIFICATION

The undersigned counsel for TSA hereby certifies that counsel for TSA has in good faith conferred with counsel for the parties in an effort to resolve the issues described in the above motion without Court action and has thus far been unable to do so.

Respectfully submitted,

MITRANI, RYNOR, ADAMSKY & MACAULAY, P.A.
2200 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Tel.:   305/358-0050
Fax:   305/358-9617

By _____
Robert B. Macaulay
Florida Bar No.: 378445

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail this 6th day on June 2003 to Gary S. Betensky, Esq., Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., Attorneys for Nitro, 250 Australian Avenue South, Suite 1504, West Palm Beach, Florida 33401; Steven J. Brodie, Esq. and Jeffrey Michael Cohen, Esq., Carlton Fields, P.A., Attorneys for Acushnet, 4000 Bank of America Tower, 100 S.E. Second Street, Miami, Florida 33131; and Mark W. Yocca, Esq., Yocca Patch & Yocca LLP, Attorneys for Nitro, 19900 MacArthur Boulevard, Suite 650, Irvine, California 92612.

_Robert B. Macaulay_

F:\WPDOCS\80904\P\TSA's Motion for Protective Order-Clean.doc

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE: NITRO LEISURE PRODUCTS, LLC

## SUBPOENA FOR DEPOSITION

THE STATE OF FLORIDA:

TO: Sports Authority
c/o Lazarus Rothstein, Esquire
Senior Corporate Counsel
3383 North State Road 7
Ft. Lauderdale, FL 33319

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM/DATE AND TIME |
|---|---|
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects) (MAIL-IN ONLY):

| PLACE | DATE AND TIME |
|---|---|
| Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A.<br>250 Australian Avenue South – Suite 1504<br>West Palm Beach, FL 33401<br>Tel: (561) 803-3500 | Friday, June 6, 2003 at 10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE 5/23/03

Gary S. Betensky, Esquire
Florida Bar No. 434302 (Attorneys for Plaintiff)

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Richman Greer Weil Brumbaugh Mirabito & Christensen, P.A., 250 Australian Avenue South, West Palm Beach, FL 33401

EXHIBIT A

## PROOF OF SERVICE

Date | Place

SERVED

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED ON (PRINT NAME) | TITLE

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
Date

Signature of Server

Address of Server

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A – Subpoena Duces Tecum to Sports Authority

1. A copy of your "style summary" for the "department: golf" and "class: golf balls" for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003 as it pertains to golf balls from Acushnet and/or Nitro. Each style summary produced should include all information customarily contained on same, including, but not limited to: cost of each item, SKU numbers, model numbers, description, SKU creation date, last week's sales, last four week's sales, last eight week's sales, year to date sales, and last year's sales.

2. A copy of the "vendor order review" for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003 as they pertain or relate to golf balls from Acushnet and/or Nitro. The vendor order review should include all information customarily contained on same, including, but not limited to: a comparison of the present year's purchases and the prior year's purchases, margins, unit terms, and retail terms.

3. All documents relating or pertaining to all "line reviews" for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003 of persons employed by you as golf ball buyers to the extent those documents pertain or relate to golf balls from Acushnet and/or Nitro. Production should include, but not necessarily be limited to, the buyer's worksheet, all buyer's notes and memoranda, all buyer's reports, all buyer's purchase and sale projections, and documents supporting the buyer's proposed purchases.

4. A copy of all "vendor deal sheets" pertaining to or referencing the purchase (or proposed purchase) of all golf balls from Acushnet and/or Nitro for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003. Your response should include documents indicating pricing information, such as pricing discounts.

5. All correspondence (including e-mail), memoranda, and invoices relating to, pertaining to or referencing your purchase of the following Acushnet products for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003:
   a. logo overruns;
   b. x-outs; and/or
   c. practice balls.

6. All correspondence (including e-mail), memoranda, and invoices relating to, pertaining to or referencing your purchase of the below-referenced products from Acushnet pursuant to you auto-replenishment program (believed to be internally designated by you as "E3") for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003:
   a. logo overruns;
   b. x-outs; and/or
   c. practice balls.

7. All correspondence (including e-mail), notes and memoranda from January 1, 2000 through the present received by you from Acushnet relating to, pertaining to or referencing the following:

    a. Nitro Leisure Products, LLC;
    b. GolfBallsDirect.com;
    c. Second Chance;
    d. Nitro Golf;
    e. Nitro;
    f. refurbished golf balls;
    g. recycled golf balls;
    h. rewashed golf balls; and/or
    i. used golf balls.

8. All internal Sports Authority correspondence (including e-mail), notes and memoranda from January 1, 2000 through the present relating to, pertaining to or referencing the following:

    a. Nitro Leisure Products, LLC;
    b. GolfBallsDirect.com;
    c. Second Chance;
    d. Nitro Golf;
    e. Nitro;
    f. refurbished golf balls;
    g. recycled golf balls;
    h. rewashed golf balls; and/or
    i. used golf balls.

9. All contracts (excluding documents in the nature of invoices and purchase orders) entered into by and between you and Acushnet relating to the purchase of golf balls.

10. All contracts (excluding documents in the nature of invoices and purchase orders) entered into by and between you and Nitro relating to the purchase of golf balls.