UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE: NITRO LEISURE PRODUCTS, LLC

PLAINTIFF'S REPLY TO ACUSHNET'S RESPONSE TO NITRO'S
MOTION TO COMPEL DEPOSITION OF DR. DAVID FELKER

Plaintiff and Counter-Defendant Nitro Leisure Products, LLC ("Nitro"), hereby submits its reply to the response of Defendant and Counter-plaintiff Acushnet Company ("Acushnet") to Nitro's Motion to Compel the deposition of Dr. David Felker.

Acushnet opposes the motion on five (5) grounds - 1) this Court lacks jurisdiction to enforce a subpoena issued by another court; 2) Nitro's motion is moot; 3) Nitro failed to include a certificate of counsel pursuant to Fed. R. Civ. P. 37(a)(2)(A) and Local Rule 26.1(I); 4) that Nitro's position is inconsistent with the position it took with respect to the discovery relation to its own experts prior to the preliminary injunction proceeding and, 5) that Nitro could address the sham litigation issues during Dr. Felker's expert witness deposition. Nitro will address each of these issues in turn.

1.  Dr. Felker is one of Acushnet's many retained experts. He submitted an extensive declaration in support of Acushnet's Motion for Preliminary Injunction – the injunction was denied in August 2002. He has been working for Acushnet and its counsel doing extensive work, mostly testing of golf balls, since approximately mid 2001, before suit was filed in January 2002. Nitro did not want to subpoena Dr. Felker, but after numerous requests of Acushnet's counsel to produce Dr. Felker – not in his capacity as a trial expert witness –were refused, Nitro had no choice but to issue a subpoena. This Court has jurisdiction over Acushnet and controls Acushnet's objections vis-à-vis its retained experts, including Dr. Felker.

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Reply re Motion to Compel Deposition of Dr. David Felker

In a transparent attempt to circumvent the authority of this court, someone – perhaps Acushnet or Acushnet's Florida counsel – retained a California lawyer for Dr. Felker. Dr. Felker's motion to quash Nitro's subpoena followed.

The motion to quash was served on May 29, 2003 by mail and the order granting the motion to quash was entered on June 2, 2003. Nitro's Florida counsel was never served. Nitro was not aware of the entry of the order by Judge Huff in the United States District Court for the Southern District of California at the time it filed its motion to compel. The subpoena was quashed on a technical ground – the failure to attach a witness fee check to the subpoena – and not based on the merits of objections raised by Dr. Felker's counsel in prior correspondence with Nitro's counsel.

Acushnet's use of technical objections to avoid the deposition of Dr. Felker simply serves to perpetuate this sham litigation and should not be permitted. The need to take Dr. Felker's deposition remains. Nitro requests that this court compel Acushnet to produce Dr. Felker for the purpose of taking his deposition unrelated to his ultimate opinions as an expert for trial.

Given the fact that Dr. Felker has previously testified before this court in this case by way of declaration, it was entirely appropriate for Nitro to file its motion to compel before this court. Nitro is not asking this court to enforce a subpoena issued in California. Nitro requests that this Court order Acushnet to produce Dr. Felker for deposition.

2. The motion is ripe – not moot. Nitro seeks an order compelling Dr. Felker – Acushnet's expert – to appear for deposition.

3. If Nitro's counsel inadvertently omitted a certificate under Local Rule 26.1, Nitro stands corrected. But why didn't Acushnet advise the Court that notwithstanding the absence of the certificate, that counsel had repeated discussions on the issue in an attempt to resolve the matter,

2

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Reply re Motion to Compel Deposition of Dr. David Felker

rather than imply to the Court that Nitro made no attempt to reach agreement? Raising this point proves the frivolity of Acushnet's position on this matter.

4. Nitro's position is consistent with its prior position. Nitro does not seek to depose Dr. Felker – at this time – regarding his expert opinions for trial. Rather, Nitro seeks to depose Dr. Felker to probe the factual bases for his representations to the Court at the preliminary injunction hearing as part of Nitro's efforts to establish the "sham exception" to the Noerr-Pennington privilege. Eastern Railroad President Conference v. Noerr Motor Freight Inc., 365 U.S. 127 (1927); United Mine Workers v. Pennington, 381 U.S. 657 (1965).

Nitro wants to depose Dr. Felker to determine whether Acushnet had provided him with information that prove Acushnet's claims made in public about Nitro were false. Nitro found numerous discrepancies and inconsistencies within Dr. Felker's declaration and Nitro must depose Dr. Felker to determine if Acushnet's decision to file the motion for preliminary injunction was baseless. Such evidence would prove that the motion argued before this Court constituted sham litigation. This Court should not allow Acushnet and its experts to hide behind its maneuvers in California to deny Nitro permissible discovery to determine if litigation was improperly brought before this Court.

5. The discovery related to "sham" is separate and apart from Dr. Felker's expert testimony and Nitro is under no obligation to commingle the issues at one deposition sitting.

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Reply re Motion to Compel Deposition of Dr. David Felker

WHEREFORE, Nitro Leisure Products, LLC respectfully requests that the court grant its Motion to Compel the Deposition of Dr. Felker and for all other relief that the court deems appropriate.

Respectfully submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
One Clearlake Centre – Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel: (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
Florida Bar No. 066457
grichman@richmangreer.com
GARY S. BETENSKY
Florida Bar No. 434302
gbetensky@richmangreer.com
DONALL O'CARROLL
Florida Bar No. 0107816
docarroll@richmangreer.com

and

MARK YOCCA, ESQUIRE
myocca@ypylaw.com
RYAN M. PATCH, ESQUIRE
rpatch@ypylaw.com
PAUL KIM, ESQUIRE
pkim@ypylaw.com
YOCCA PATCH & YOCCA, LLP
19900 MacArthur Blvd., Suite 650
Irvine, CA 92612
Tel: (949) 253-0800
Fax: (949) 253-0870

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Reply re Motion to Compel Deposition of Dr. David Felker

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the Plaintiff's Reply to Defendant's Response to Plaintiff's Motion To Compel the Deposition of Dr. David Felker was delivered via facsimile and U.S. Mail this 23rd day of June, 2003 to: Robert L. Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard Tampa, FL 33602-5730; and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, FL 33131.

By: _____
DONALL O'CARROLL

i:\litig\6984-1\pleadings\reply re motion to compel felker depo.doc