## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

**IN RE: NITRO LEISURE PRODUCTS, LLC**

### NITRO'S REPLY TO ACUSHNET'S OPPOSITION TO MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR THE DEPOSITION OF A WITNESS AND THE PRODUCTION OF DOCUMENTS IN CANADA; FOR THE APPOINTMENT OF A COMMISSIONER AND THE ISSUANCE OF A COMMISSION TO TAKE THE DEPOSITION AND TO OBTAIN THE DOCUMENTS

Plaintiff, NITRO LEISURE PRODUCTS, LLC ("Nitro"), hereby files this reply in support of its motion requesting the court to issue letters rogatory to the appropriate Judicial Authority of the Province of Ontario, Canada. ***Based on the critical importance of the contents of this reply, Nitro requests that the Court rule on the motion on an expedited basis.***

1) Pursuant to Local Rule 26.1.I., Nitro repeatedly requested (both verbally and written) that counsel for Acushnet advise as to whether it would consent to what is basically an administrative motion. In direct violation of the rule which required Acushnet's counsel to "cooperate and act in good faith ... to resolve the dispute" or motion, Acushnet's counsel failed to respond. Instead, Acushnet waited until the last possible moment before filing its "opposition" to the motion. It is clear that Acushnet's so-called "opposition" was designed and filed to forestall Nitro's justified discovery on material facts before the discovery cutoff date of July 24, 2003.

Acushnet is fully aware that after the letters are issued by this Court, a motion must then be filed in the Canadian courts before the discovery requested in the letters rogatory can be conducted – i.e., the issuance of the subpoena for documents and the taking of the deposition.

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Reply to Acushnet's Opposition to
Motion For Issuance of Letters Rogatory

Acushnet's failure to respond to Nitro's efforts to confer demonstrates its blatant intent to frustrate this discovery through dilatory tactics.

Since Nitro filed its motion for issuance of letters rogatory, Acushnet produced twelve (12) bankers boxes of additional documents during the week of June 16, 2003, and it was only upon an initial review of those docs that Nitro was able to deduce the true intent behind Acushnet's opposition to this most perfunctory of motions and its opposition at the May 22, 2003 hearing to any discovery outside the borders of the United States.  While hiding behind bogus and sanctionable objections to the production of certain documents contained in the twelve (12) boxes since its initial response on *February 25, 2003*, to wit, Acushnet objected to any discovery outside of the United States claiming that the documents sought were "immaterial, irrelevant, and not likely to lead to the discovery of admissible evidence," Acushnet suddenly produces **the most material of documents** – e-mail communications by and between Acushnet USA and Acushnet CANADA directly referencing Nitro and Nitro's refurbished products in the context of Acushnet's express outrage at Wal-Mart Canada for having purchased Nitro's products rather than Acushnet's products.[1] The e-mails specifically mention and identify Nitro through one of its trade names, "Second Chance."

These documents in and of themselves evidence that **Acushnet has intentionally concealed key material documents** that go to the very heart of Nitro's claims of tortious interference, trade disparagement, unfair competition and the like. Acushnet has withheld these

---

[1] The e-mails are exchanged between and/or copied to the following four people - 1) Paul DeCorso - President of Acushnet Canada; 2) Shea Lambert - National Accounts Manager for Acushnet Canada; 3) Mark Goldstein - Vice-President of National Sales of Acushnet (the U.S.A. entity); and 4) Jerry Bellis - Senior Vice-President of Sale and Marketing for Acushnet (the U.S.A. entity).

2

documents since Nitro's October, 2002 request cloaked behind a general objection that constituted a misrepresentation to this Court and an abuse of the discovery process; that is, there was absolutely no basis in fact or law upon which Acushnet could have possibly asserted an objection claiming irrelevancy or that the documents that Acushnet has now produced were not reasonably calculated to lead to the discovery of admissible evidence. Because these docs have been improperly designated by Acushnet as "specially restricted" pursuant to the parties' interim confidentiality agreement - obviously because Acushnet does not want anyone to see these documents - they are attached hereto in a sealed envelope marked as Composite Exhibit "A". When the Court reads this string of e-mails, Nitro is confident that the Court will see through Acushnet's charade, grant the motion for the issuance of letters rogatory, and order further relief against Acushnet as more specifically requested herein.

Once the Court saw through Acushnet's stonewalling tactics in filing "boilerplate" objections during the May 22, 2003 hearing and found those objections to be interposed in anything but good faith, Acushnet nevertheless tried to convince the Court that any documents relating to refurbishing outside of the United States have nothing to do with this case because the only defendant before the Court is Acushnet Company, a United States entity.  Counsel for Acushnet, Marty J. Solomon, in a classic example of double-talk, told the Court:

> Your Honor, it's correct that the only issue here is international documentation. The fact on this one, setting aside the antitrust argument, is that the defendant before the Court is Acushnet Company, it's a U.S. company, Acushnet does business in a number of other countries through foreign affiliates, none of them are named defendants.

(Transcript of 5/22/03 hearing – page 68, lines 9-15).

> THE COURT: Well, he [counsel for Nitro] indicated there was a problem in Canada. Why wouldn't that then be relevant?

3

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Reply to Acushnet's Opposition to
Motion For Issuance of Letters Rogatory

  MR. SOLOMON: Because Acushnet Canada would be the company that sells
balls in Canada to Canadian retailers. That company is just not before the Court.

(Transcript of 5/22/03 hearing – page 68, lines 16-21).

  Counsel for Nitro explained to the Court that Acushnet is "trying to…carve out things
outside the United States" and pointed out that Nitro has claims other than antitrust such as
unfair competition and trade disparagement.  Nitro's counsel further advised the Court that Nitro
knew of trade disparagement in Canada and asked the Court not to limit discovery to the United
States as to those claims. The Court agreed and ordered documents as to refurbishing related to
Canada to be produced.

  Counsel for Acushnet obviously had tried to divert the Court's inquiry by suggesting that
because Acushnet Canada was a foreign affiliate, any documents in the coffers of Acushnet
Company (USA) relating to the activities of Acushnet Canada, even if directly probative of the
claims in this case, did not have to be produced.  Acushnet's counsel advanced this argument to
the Court full well knowing that the documents attached hereto, which have been withheld from
Nitro until now, unequivocally demonstrate the combined efforts of Acushnet Company (USA)
and Acushnet Canada to tortiously interfere with Nitro's business relationship with Wal-Mart
Canada and to disparage Nitro's products.  For Acushnet to oppose the issuance of the letters
rogatory directed to discovery from Wal-Mart Canada on the very same matters addressed in the
e-mails, which Acushnet has now produced, is a blatant example of an inconsistent and wholly
untenable position.

  Acushnet further suggested that it would not be in a position to produce any documents
which Acushnet CANADA has that are responsive to Nitro's discovery requests.  The Court

4

stated in its May 23, 2003 order that Nitro is entitled to documentation regarding refurbished balls in Canada.   If Acushnet cannot produce documents because they are allegedly in the possession of Acushnet CANADA, Acushnet clearly then has no basis to block Nitro from obtaining documents regarding refurbished balls from another source, namely Wal-Mart Canada. In any event, Acushnet Company (USA) cannot seriously claim in good faith that it has no obligation to obtain documents from its sister company on the material issues before this Court and in light of the Court's comments at the May 22, 2003 hearing and in light of the Court's May 23, 2003 Order.

2) Acushnet states that the letters rogatory should not be issued because it claims that Nitro's subpoena duces tecum to Wal-Mart Canada: a) falls outside the limitation imposed by the Court at the hearing on 5/22/03 as memorialized in the Court's May 23, 2003 order [D.E. 242]; and b) the letters rogatory present a "one-sided" and "prejudicial" view of the case.

As to Acushnet's first point – that the subpoena supposedly exceeds the scope of the Court's May 23, 2003 order - nothing could be further from the truth.   The Court ordered Acushnet to produce all internal documents regarding refurbished golf balls to include documents on refurbished balls in Canada [D.E. 242].   As a result, the Court overruled (in part) Acushnet 's general objection asserted on February 25, 2003 in its initial response to Nitro's first request for production dated October 4, 2002. That objection is as follows:

> Defendant objects to any request to the extent it may be construed as encompassing geographic areas or entities outside the United States as immaterial, irrelevant, and not likely to lead to the discovery of admissible evidence, as well as being unduly burdensome. With respect to such requests, and to the extent a response indicates that documents are being produced, Defendant will produce responsive, non-privileged, non-objected to documents for the United States and entities therein.

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Reply to Acushnet's Opposition to
Motion For Issuance of Letters Rogatory

Nitro's subpoena duces tecum pursuant to the letters rogatory requests the production of the

following documents:

1.   Any and all reports, summaries and/or other documents sufficient to calculate the dollar amount and number of units of your purchase of the following Acushnet products for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003:
     a.   logo overruns;
     b.   x-outs; and/or
     c.   practice balls.

2.   All correspondence (including e-mail), memoranda, and invoices relating to, pertaining to or referencing your purchase of the below-referenced products from Acushnet pursuant to your auto-replenishment program for your fiscal years 2000, 2001, 2002, and to date for fiscal year 2003:
     a.   logo overruns;
     b.   x-outs; and/or
     c.   practice balls.

3.   All correspondence (including e-mail), notes and memoranda from January 1, 2000 through the present received by you from Acushnet relating to, pertaining to or referencing the following:
     a.   Nitro Leisure Products, LLC;
     b.   GolfBallsDirect.com;
     c.   Second Chance;
     d.   Nitro Golf;
     e.   Nitro;
     f.   refurbished golf balls;
     g.   recycled golf balls;
     h.   rewashed golf balls; and/or
     i.   used golf balls.

4.   All internal correspondence (including e-mail), notes and memoranda from January 1, 2000 through the present relating to, pertaining to or referencing the following:
     a.   Nitro Leisure Products, LLC;
     b.   GolfBallsDirect.com;
     c.   Second Chance;
     d.   Nitro Golf;
     e.   Nitro;
     f.   refurbished golf balls;
     g.   recycled golf balls;
     h.   rewashed golf balls; and/or
     i.   used golf balls.

6

5.     All contracts (excluding documents in the nature of invoices and purchase orders) entered into by and between you and Acushnet relating to the purchase of golf balls.

6.     All contracts (excluding documents in the nature of invoices and purchase orders) entered into by and between you and Nitro relating to the purchase of golf balls.

It is plain to see that Nitro's subpoena, reprinted above in its entirety, falls within the four corners of the Court's order. For Acushnet to represent otherwise is ludicrous.

Only one limitation was imposed by the Court as to Nitro's requests for documents from Acushnet (not Wal-Mart Canada or any other third party) - discovery as to market share data was limited to the United States. Nitro's subpoena in no way seeks market share data.

Acushnet's second point – that the language included in the letters are "one-sided" and "prejudicial" – based on the language, is nothing short of absurd. The supposedly "prejudicial" recitation of the facts of the case are as follows:

> The Plaintiff in this case, Nitro, has filed a lawsuit against the Defendant, Acushnet for damages arising from alleged claims including, *inter alia*, violations of the Sherman Act and Lanham Act; trademark and patent infringement; claims of libel, slander and tortious interference; and violations of various state statutes.

> Nitro has alleged that Acushnet has engaged in activities, including but not limited to, leveraging its position as the dominant premium golf ball competitor to eliminate and suppress competition in various golf ball markets and threatening and intimidating mass retailers so that they will not carry Nitro's products.

(Request for Assistance to the Judicial Authorities of Ontario, Canada – Exhibit "B" to Nitro's Motion for Issuance of Letters Rogatory – [D.E. 248].

Clearly, the Request for Assistance is not "prejudicial". It simply states the facts, i.e., what Nitro's claims are. In fact, if there is any question at all, the phrase "alleged claims" or Nitro "has alleged" is used twice in the Request. The Request simply notifies the Canadian court as to the type of claims pending so that it can understand the context in which the Request for

7

Assistance is being sought. Nitro is not asking the Canadian Court to rule on the merits of the case, but simply to allow Nitro to issue a subpoena for documents and take a deposition.

3) Acushnet's arguments on the merits of the motion are groundless. But the response suffers from a more fundamental flaw - it does not cite one case that supports either of its arguments. Nor has Acushnet cited any authority which gives it standing to object to a discovery request to a third party on the basis of relevance.

Generally, a party has no standing to seek to quash a subpoena directed to one who is not a party to the action. A party may only raise objections where that party claims a privilege relating to the documents sought. State of Florida v. Jones Chemicals, Inc., 1993 WL 388645 (M.D. Fla. 1993), Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York, 519 F.Supp 668 (D.C. Del. 1981), Smith v. Midland Brake, Inc., 162 F.R.D. 683 (D. Kan. 1995). Acushnet has shown no such right and this is indicative of its efforts to simply delay the inevitable issuance of the letters rogatory so that the deadline for discovery will pass before Nitro can obtain its discovery.

Additionally, Acushnet's objections to the scope of the subpoena only contest paragraphs 1 and 2 of the subpoena, but quite cleverly Acushnet includes a footnote conceding that it has no objection to the other four paragraphs of the subpoena (paragraphs 3-6), suggesting that the subpoena should be limited to those paragraphs. Similarly, the opposition to the motion makes absolutely no reference to the request to take the deposition of the Wal-Mart Canada representative. Acushnet never once contacted Nitro to advise that it would not object to the motion for letters rogatory if Nitro deleted paragraphs 1 and 2 or if the form of the Request for

Assistance was amended.   Instead, Acushnet filed a response at the last possible minute to a perfunctory motion for the sole purpose of delaying discovery.

## CONCLUSION

The facts, as set forth in this reply, speak for themselves.   The discovery deadline is this case is fast approaching.   It would be inequitable to deny Nitro the right to pursue discovery of material evidence because of the actions of Acushnet.   To do so would be to reward Acushnet for manipulating and abusing the Rules of Civil Procedure and, more importantly, reward it for attempting to mislead this Court.   Acushnet should be sanctioned in a manner that will permit Nitro the opportunity to obtain the discovery that has been denied to it.

WHEREFORE, Plaintiff, Nitro LEISURE PRODUCTS, LLC, respectfully requests the entry of an Order granting its Motion for Issuance of Letters Rogatory.   As further relief, Nitro requests that the Court order Acushnet to produce forthwith for deposition in Florida the Acushnet CANADA representatives whose names appear on Acushnet's e-mails, namely Paul DeCorso (President of Acushnet CANADA) and Shea Lambert (National Accounts Manager for Acushnet CANADA).   Acushnet should also be required to produce all documents in the possession of Acushnet CANADA consistent with the Court's order of May 23, 2003.

Alternatively, Nitro requests that the Court grant, on an expedited basis, Nitro's motion for issuance of letters rogatory requesting the appointment of a commissioner to take the depositions of Paul DeCorso and Shea Lambert and to obtain production of documents from Acushnet CANADA.   Said motion is being filed simultaneously with this reply.

Nitro also requests that the Court amend its May 23, 2003 order to grant in its entirety the original request for production of documents propounded by Nitro, or at the very least, the

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Reply to Acushnet's Opposition to
Motion For Issuance of Letters Rogatory

request for the production of all internal documents regarding refurbished golf balls should cover

worldwide as originally requested and not confined to Canada and Germany.

Respectfully submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
*Attorneys for Nitro Leisure Products, LLC*
One Clearlake Centre – Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel:  (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
Florida Bar No. 066457
grichman@richmangreer.com
GARY S. BETENSKY
Florida Bar No. 434302
gbetensky@richmangreer.com
DONALL O'CARROLL
Florida Bar No. 0107816
docarroll@richmangreer.com

and

MARK YOCCA, ESQUIRE
myocca@ypylaw.com
RYAN M. PATCH, ESQUIRE
rpatch@ypylaw.com
PAUL KIM, ESQUIRE
pkim@ypylaw.com
YOCCA PATCH & YOCCA, LLP
19900 MacArthur Blvd., Suite 650
Irvine, CA 92612
Tel: (949) 253-0800
Fax: (949) 253-0870

10

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Reply to Acushnet's Opposition to
Motion For Issuance of Letters Rogatory

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the Reply to Acushnet's Response to Nitro's Motion for Issuance of Letters Rogatory was delivered via facsimile and U.S. Mail this 26 day of June, 2003 to: Robert L. Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard Tampa, FL 33602-5730, and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, FL 33131.

By: _____

DONALL O'CARROLL

i:\litig\6984-1\pleadings\reply re motion for issuance of letters rogatory_.doc

11