UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS

IN RE: NITRO LEISURE PRODUCTS, LLC

**EMERGENCY MOTION REQUESTING HEARING ON
NITRO'S MOTION FOR ISSUANCE OF LETTERS ROGATORY FOR THE
DEPOSITION OF WITNESSES PAUL DECORSO AND SHEA LAMBERT AND THE
PRODUCTION OF DOCUMENTS IN CANADA BY ACUSHNET CANADA**

Plaintiff/Counter-Defendant, NITRO LEISURE PRODUCTS, LLC ("NITRO"), pursuant to Rule 7.1.E. and 7.1.B. of the Local Rules of the United States District Court for the Southern District of Florida, by and through undersigned counsel, hereby files this motion requesting that the Court hear oral argument on Nitro's Motion for Issuance of Letters Rogatory, and as grounds therefore, states:

**BASIS FOR THE EMERGENCY MOTION**

1. On February 19, 2003, the court entered an Omnibus Continuance Order revising the original schedule of deadlines, setting the case for trial on the trial calendar commencing on September 8, 2003. [D.E. 173]. By Order dated May 23, 2003, the Court revised the discovery cut-off date to July 24, 2003 [D.E. 242]. The Court also ordered the production of documentation by ACUSHNET relating to the sale of refurbished golf balls in Canada.

2. Pursuant to the order, ACUSHNET produced e-mail communications by and between ACUSHNET's USA headquarters in Massachusetts and ACUSHNET CANADA directly dealing with Nitro and Nitro's refurbished products issues. These e-mails deal with issues that that go to the very heart of Nitro's claims of tortious interference, trade disparagement and unfair competition and constitute highly relevant and material evidence.

Case 2:02-cv-14008-DMM Document 293 Entered on FLSD Docket 07/01/2003 Page 2 of 4

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Emergency Request For Hearing on Motion for Issuance of Letters Rogatory

3. NITRO previously filed a Motion for Issuance of Letters Rogatory on June 5, 2003. [D.E. 248]. Despite repeated requests, ACUSHNET would not indicate whether it would object to that motion, and finally served an objection at the last possible moment for filing such response. It is clear that Acushnet's so-called "opposition" was designed and filed to forestall NITRO's justified discovery on material facts before the discovery cutoff date of July 24, 2003. NITRO expects ACUSHNET to adopt the same tactics in relation to the Motion for Issuance of Letters Rogatory relating to Acushnet Canada and its employees. As the issuance of the letters rogatory must be followed by the filing of an appropriate motion before the Canadian courts, NITRO believes that this motion needs to be determined by the Court on an expedited basis.

4. Based on the recently produced e-mail communications by and between Acushnet (USA) and Acushnet CANADA which deal with issues that that go to the very heart of Nitro's claims of tortious interference, trade disparagement and unfair competition, it is imperative that NITRO be afforded the opportunity to fully investigate ACUSHNET's involvement with Acushnet Canada and Wal-Mart. These e-mails should have been produced within thirty (30) days of the issuance of NITRO's First Request to Produce which was served on **October 4, 2002**. NITRO had to wait for over **eight months** before these e-mails documents were produced.

5. Based on Acushnet's discovery tactics, oral argument is required on this motion rather than providing ACUSHNET the normal period of time to file a response to the Motion for Issuance of Letters Rogatory, which it undoubtedly will exhaust simply as a means to prevent NITRO from obtaining this discovery.

6. Rule 7.1.B. of the Local Rules of the United States District Court for the Southern District of Florida requires that a party who desires oral argument or a hearing of any motion shall

Case 2:02-cv-14008-DMM Document 293 Entered on FLSD Docket 07/01/2003 Page 3 of 4

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Emergency Request For Hearing on Motion for Issuance of Letters Rogatory

request it in writing by separate request accompanying the motion. Rule 7.1.E of the Local Rules further permits the Court to grant an immediate hearing on any matter requiring such expedited procedure. NITRO thus requests that the Court set a hearing for oral argument on NITRO's Motion for Issuance of Letters Rogatory relating to Acushnt Canada at the earliest available date. In the alternative, NITRO requests that the Court require ACUSHNET to file a response on or before 5 p.m. on July 7, 2003 so that the Court might be afforded the opportunity to rule on the motion on an expedited basis to permit NITRO to file the appropriate motion with the Canadian courts as soon as possible.

7. NITRO estimates that a period of fifteen (15) minutes is required for the hearing on this matter.

WHEREFORE, Plaintiff, NITRO LEISURE PRODUCTS, LLC, respectfully requests that the Court hear oral argument on NITRO's Motion for Issuance of Letters Rogatory at the earliest possible opportunity or, in the alternative, shorten the time for response and rule on the motion on an expedited basis.

Respectfully submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
*Attorneys for Nitro Leisure Products. LLC*
One Clearlake Centre – Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel: (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
Florida Bar No. 066457
grichman@richmangreer.com

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Emergency Request For Hearing on Motion for Issuance of Letters Rogatory

> GARY S. BETENSKY
> Florida Bar No. 434302
> gbetensky@richmangreer.com
> DONALL O'CARROLL
> Florida Bar No. 0107816
> docarroll@richmangreer.com
>
> and
>
> MARK YOCCA, ESQUIRE
> myocca@ypylaw.com
> RYAN M. PATCH, ESQUIRE
> rpatch@ypylaw.com
> PAUL KIM, ESQUIRE
> pkim@ypylaw.com
> YOCCA PATCH & YOCCA, LLP
> 19900 MacArthur Blvd., Suite 650
> Irvine, CA 92612
> Tel: (949) 253-0800
> Fax: (949) 253-0870

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the Request for Hearing on Motion for Issuance of Letters Rogatory was delivered via facsimile and U.S. Mail this 30th day of June, 2003 to: Robert L. Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard Tampa, FL 33602-5730, and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, FL 33131.

By: _____
DONALL O'CARROLL

i:\litig\6984-1\pleadings\motion (emergency) for oral arg re letters rog ac canadary.doc