UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE: NITRO LEISURE PRODUCTS, LLC

NIGHT BOX
FILED

SEP 26 2003

CLERK, USDC / SDFL / WPB

NITRO'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL FURTHER DEPOSITION OF WALTER UIHLEIN

In its motion for protective order in relation to the deposition of Mr. Uihlein, Acushnet appraised the Court of a two-step analysis developed by the courts to determine whether to permit the deposition of a senior corporate executive: 1) does the senior executive have personal knowledge of the facts at issue, and 2) could the discovery nevertheless be had from lower-level personnel. [D.E. 214 at page 4]. It cited various cases for the proposition that in the first step of the analysis the court considers the threshold issue of whether the senior executive has personal knowledge of the facts at issue in the case. Thomas v. Int'l Bus. Machines, 48 F.3d 478, 482 (10th Cir. 1995); Lewelling v. Farmers Ins. Of Columbus, Inc., 879 F.2d 212 (6th Cir. 1989) and Skookum Co. v. Sutherlin Machine Works, Inc., 33 F.R.D. 19, 20 (D. Or. 1963).

Mr. Uihlein demonstrated that he clearly has personal knowledge of the facts in this case. It is further evident that he did not obtain such information from the personnel listed in his declaration.

In relation to the second step of the test, it is equally evident that Nitro could not obtain such information from lower-level personnel. First, the deadline for taking fact witnesses has expired and thus Nitro cannot take the depositions of the personnel listed in the various exhibits to Mr. Uihlein's deposition. Given the late production of those documents – eleven days before the deposition deadline – Nitro could not take those depositions as it would have exceeded the number of depositions which the court permitted. Second, a number of people who were also involved in the

Case 2:02-cv-14008-DMM Document 356 Entered on FLSD Docket 09/29/2003 Page 2 of 4
In Re: Nitro Leisure Products, Case 2
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Memorandum of Law in Support of Its Motion to
Compel Further Deposition of Walter Uihlein

studies of the pond ball industry in the 1990s are no longer employed by Acushnet. Third, only Mr. Uihlein can testify as to his involvement in the studies of the pond ball industry in the 1990s and his thought processes in relation to such studies. Nor is there any indication that the persons listed in Mr. Uihlein's declaration as people from whom he obtained information - Nauman, Sine, Welchman, Lucas and Giroux -- were even employed by Acushnet during the relevant period or had any involvement in the studies. The only such person even mentioned in the documents produced on September 6, 2003 is George Sine. Undoubtedly, any questions to Mr. Nauman and Mr. Giroux regarding such issues would be met with an attorney-client privilege claim, which was precisely what Acushnet wanted the Court to buy into at the May 22, 2003 hearing.

The "apex" officer of the corporation may be deposed if he has information that is reasonably calculated to lead to the discovery of admissible evidence. Mulvey v. Chrysler Corp., 106 F.R.D. 634 (D.R.I. 1995). Clearly, Mr. Uihlein has information that is reasonably calculated to lead to the discovery of admissible evidence. The Court limited the deposition of Mr. Uihlein based upon Mr. Uihlein's alleged lack of knowledge regarding the pertinent issues in the case and his declaration which appraised the Court of his busy schedule. Based on his misrepresentations to the Court, Mr. Uihlein should be obliged to reappear for a complete deposition even if it means impinging upon his busy schedule. Just as in the case of any CEO, "his prestigious position is an unimpressive paper barrier shielding him from the judicial process." Mulvey at 366.

Case 2:02-cv-14008-DMM   Document 356   Entered on FLSD Docket 09/29/2003   Page 3 of 4

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Memorandum of Law in Support of Its Motion to
Compel Further Deposition of Walter Uihlein

## CONCLUSION

Nitro respectfully requests that the Court grant its Motion to compel the further deposition of Wally Uihlein and for all other relief that the court deems appropriate.

        RICHMAN GREER WEIL BRUMBAUGH
        MIRABITO & CHRISTENSEN, P.A.
        One Clearlake Centre – Suite 1504
        250 Australian Avenue, South
        West Palm Beach, FL 33401
        Tel: (561) 803-3500
        Fax: (561) 820-1608

        By: _/s/ Gerald F. Richman_
          GERALD F. RICHMAN
          Florida Bar No. 066457
          grichman@richmangreer.com
          GARY S. BETENSKY
          Florida Bar No. 434302
          gbetensky@richmangreer.com
          DONALL O'CARROLL
          Florida Bar No. 0107816
          docarroll@richmangreer.com

and

        MARK YOCCA, ESQUIRE
        myocca@ypylaw.com
        RYAN M. PATCH, ESQUIRE
        rpatch@ypylaw.com
        PAUL KIM, ESQUIRE
        pkim@ypylaw.com
        YOCCA PATCH & YOCCA, LLP
        19900 MacArthur Blvd., Suite 650
        Irvine, CA 92612
        Tel: (949) 253-0800
        Fax: (949) 253-0870

Case 2:02-cv-14008-DMM Document 356 Entered on FLSD Docket 09/29/2003 Page 4 of 4

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Memorandum of Law in Support of Its Motion to
Compel Further Deposition of Walter Uihlein

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Nitro's Memorandum of Law in Support of its Motion To Compel Further Deposition of Walter Uihlein was delivered via facsimile and U.S. Mail this 26 day of September, 2003 to: Robert L. Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard Tampa, FL 33602-5730 and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, FL 33131.

By: _____
DONALL O'CARROLL

i:\litig\6984-1\pleadings\memo. of law. in supp. of mot. to compel uihlein depo.doc