## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

**IN RE: NITRO LEISURE PRODUCTS, LLC**

### PLAINTIFF, NITRO LEISURE PRODUCTS, LLC, OPPOSITION TO DEFENDANT ACUSHNET COMPANY'S MOTION TO PERMIT THE DEPOSITION OF DAVID A. LAHAR

Plaintiff, NITRO LEISURE PRODUCTS, LLC ("Nitro"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in opposition to the motion of Acushnet Company ("Acushnet") to take the deposition of David A. Lahar.

### PRELIMINARY STATEMENT

Nitro Leisure Products, LLC ("Nitro") is a Delaware limited liability company with its principal place of business in Stuart, Florida. Nitro Leisure Products, LLC is the successor in interest to Nitro Leisure Products, Inc., a Delaware corporation, which was formerly known as GB Acquisition, Inc. and located in Port Saint Lucie, Florida.

David A. Lahar ("Lahar") assisted Amin J. Khoury in heading up the group of investors that formed GB Acquisition Inc. for the purpose of acquiring the assets of the Nitro Golf Division of Sports Supply Group, Inc. The Nitro Golf Division consisted of two lines of business: 1) The sale of new branded golf balls under the "Nitro" name; and 2) The recycling of reclaimed used golf balls. Neither the Nitro Golf Division of Sports Supply Group, Inc. nor Nitro Leisure Products, Inc. has ever engaged in the business of *refurbishing,* as opposed to merely recycling, golf balls.

Lahar was one of the initial investors in GB Acquisition, Inc. and at least nominally served as the original Executive Vice President, Secretary and Treasurer of Nitro Leisure Products, Inc. However, Lahar, whose office is in San Francisco, California, has never been an

RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN, P.A.
Miami • West Palm Beach

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

employee or actively involved in the day-to-day management of either Nitro Leisure Products, Inc. or Nitro Leisure Products, LLC.  Lahar has never been an officer of Nitro Leisure Products, LLC but did serve on its board of directors until September 21, 1999.  This was approximately one year prior to the time Nitro first began marketing *refurbished* golf balls.

Subsequent to the commencement of this lawsuit, Nitro has retained Lahar to act as a consultant on various damages issues.  However, Nitro has no intention of having him testify as an expert witness on its behalf.

From at least as early as Nitro's initial production of documents in the spring of 2003, Acushnet has had documents in its possession in which Lahar's name appears.  Many of these documents are "specially restricted;" however, a few of the merely "confidential" documents in which Lahar's name appears are attached as Exhibit A to the Declaration of Amin C. Khoury, which is being filed concurrently herewith under seal.  Second, Lahar's name was mentioned at least three times during the deposition of Amin C. Khoury that was taken on May 28, 2003, most notably as the person who ran the MasterGrip deal.  (Khoury Dec. ex. B).

Third, Acushnet propounded non-party discovery requests on MasterGrip and LaSalle Business Credit ("LaSalle").  On October 29, 1998, Nitro entered into an Asset Acquisition Agreement with MasterGrip whereby it acquired substantially all of the used golf ball inventory of The Golf Ball Company, Inc.  In connection with the deposition of its President, Richard Card, ("Card") MasterGrip produced to Acushnet a letter from Lahar to Card, as well as a number of other documents in which Lahar's name was mentioned.  (Khoury Dec., ex. C).

Lahar was actively involved in procuring from LaSalle the financing and business line of credit necessary for GB Acquisition, Inc. to take over the operations of the Nitro Golf Division.

2

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

No later than June 27, 2003, LaSalle produced documents to Acushnet regarding this loan transaction. (Khoury Dec. ex. D).   A collection of some of the LaSalle documents in which Lahar's name is mentioned is attached as Exhibit E to the Khoury Declaration.

On September 4, 2003, Acushnet took Card's deposition.   During that examination, Steven Richard Brodie, Acushnet's counsel, expressly inquired about Lahar:

Q.  Who's David Lahar?

A.  Dave Lahar is – I think he's a part owner in Nitro, and he does deals for Amin Khoury, Sr., I think.

Q.  Who did you negotiate the asset acquisition agreement and supply agreement with?

A.  With Dave Lahar.

Q.  Did you negotiate with either Mr. Khoury, Sr. or Jr., either of these agreements.

A.  Not much.  Dave handled - - handled almost all of the negotiations with that.

(Deposition of Richard Card, p. 71, lines 14-23, Khoury Dec. ex. F).

On September 11, 2003, Acushnet took the deposition of John S. Eby, a former officer of LaSalle who was principally responsible for servicing Nitro's account between May 1999 and August 2000.  During that deposition, Acushnet focused on the financing transactions with LaSalle, which occurred before Nitro began marketing refurbished golf balls in late 2000.  In response to Acushnet's focusing the deposition of former LaSalle employee, John Eby, on Nitro's business that predated Nitro's marketing of refurbished golf balls, Nitro promptly

3

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

designated Lahar and David Kommolan, a former employee of LaSalle, as persons who may be called as witnesses to address this new issue in a Supplemental Disclosure under Rule 26.

On October 13, 2003, Acushnet took its twentieth and last non-expert deposition in this case.  The deposition of Suresh Vasa lasted a total of sixty-five minutes. (Khoury Dec. ex. G).  On October 15, 2003, Acushnet filed the instant motion seeking the Court to order an additional deposition beyond the 20 non-expert depositions it has already taken in this case.  Subsequently, Nitro has offered to allow Acushnet to examine Lahar solely on the issues of Nitro's acquisition history and business plans for a period of two hours.  However, Acushnet has declined this offer contending that it has the right to depose Lahar on the damage model that he consulted Nitro's counsel on as a non-testifying expert.

## ARGUMENT

### POINT I

**ACUSHNET HAD ACTUAL KNOWLEDGE OF LAHAR'S EXISTENCE AT EAST AS EARLY AS MAY 2003, AND HE WAS NOT EARLIER DESIGNATED BECAUSE HE DID NOT BECOME A POTENTIAL WITNESS UNTIL AFTER ACUSHNET INJECTED PRE-REFURBISHMENT FINANCING AS AN ISSUE**

The focus of this litigation has always been on *refurbished,* not recycled, golf balls.  Indeed, Acushnet has repeatedly said that it has no problem with Nitro merely washing and reselling Titleist golf balls as long as it does not make any material changes to the golf balls themselves.  As a result, the financing transactions which GB Acquisition, Inc. and Nitro Leisure Products, LLC, respectively, entered into with LaSalle in connection with the acquisitions of the Nitro Golf Division of Sports Supply Group, Inc. and MasterGrip's The Golf Ball Company, Inc., two former golf ball recyclers, are irrelevant to the issues in this litigation.  Once this

4

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

financing was obtained, Lahar's role as a venture capitalist was completed, and he has not actively participated in the business since September 1999–a year prior to the time that Nitro began marketing refurbished golf balls in the last quarter of 2000. Accordingly, in Nitro's opinion, Lahar "does not have discoverable information that the disclosing party may use to support its claims or defenses" (Fed. R. Civ. P. 26(a)(1)(A)).  Nor does he have any information that has not previously been disclosed in the depositions of Nitro's President (Amin C. Khoury) or its Chairman of the Board (Amin J. Khoury), and his involvement with Nitro pre-dates the time that Acushnet began to engage in the unlawful conduct that which forms the basis of Nitro's claims.  As such, Lahar was not designated in Nitro's original Rule 26 disclosures since there was no reason for Nitro to do so.

On the other hand, at the deposition of John Eby on September 11, 2003, it was made abundantly clear to Nitro and its counsel that Acushnet intended to make an issue of Nitro's business operations before it began refurbishing golf balls.  Out of an abundance of caution, Nitro therefore designated Lahar as a person who may be called upon to testify regarding Nitro's acquisition history and business plans.

To suggest, however, that Nitro was somehow trying to hide Lahar's identity and that Acushnet did not "discover" the extent of his involvement with the company until the depositions of Amin J. Khoury and Amin C. Khoury taken on September 16 and 17, 2003 simply defies credulity.  Lahar was mentioned at least three times during the May 2003 deposition of Amin C. Khoury, his name appears on a number of documents that Nitro produced to Acushnet during the first wave of discovery, and LaSalle produced its records to Acushnet no later than the June 27, 2003 (Khoury ex.  ).

5

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

Acushnet has further known since August 2003 (Patch Dec. ¶   & ex.  ) that Nitro would not agree with Acushnet's demand to take any additional depositions beyond the twenty depositions permitted by the court.  It also knew prior to the fact discovery cutoff that its 20th and last non-expert deposition in this case had not yet been utilized.  Acushnet's last deposition was rescheduled to be taken and was taken on October 13, 2003.  Yet, instead of seeking to cancel that deposition and requesting Lahar's deposition, Acushnet chose to ignore its now claimed "critical need" for his testimony and went forward with the deposition of a third-party witness, Suresh Vasa.  That deposition took place in San Jose and lasted a total of 65 minutes (it took more time for counsel to fly to the location of the deposition then it did to take the deposition).  If Acushnet truly believed that it would be prejudiced by not taking Lahar's deposition due to its claimed failure to realize his importance to their defense, then why did it go forward and use its last authorized deposition on Suresh Vasa just two days before filing the instant motion with this Court seeking extraordinary relief to conduct further discovery after the discovery cut-off?  This question remains as unexplained as it is unexplainable.

## POINT II

### ACUSHNET HAS FAILED TO SHOW "EXCEPTIONAL CIRCUMSTANCES" JUSTIFYING THE EXAMINATION OF A NON-TESTIFYING EXPERT

Nitro believes that the real reason motivating Acushnet to make its present motion does not involve Lahar's role as a percipient witness to the early formation of the company, but rather his more recent involvement as a non-testifying expert.  As Acushnet states, "Mr. Lahar was involved in building the damage model supporting Nitro's damage claim relied upon by Nitro's

6

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

experts."  However, since Nitro has not designated Lahar to testify as an expert on its behalf,
Acushnet may not depose Lahar regarding "the facts known or opinions held" by him unless it
can show "exceptional circumstances" justifying such discovery.

Federal Rule of Civil Procedure 26(b)(4)(B) states:

> A party may, through interrogatories or by deposition, discover facts
> known or opinions held by an expert who has been retained or specially
> employed by another party in anticipation of litigation or preparation for
> trial and who is not expected to be called as a witness at trial, only as
> provided in Rule 35(b) or upon a showing of exceptional circumstances
> under whish it is impracticable for the party seeking discovery to obtain
> facts or opinions on the same subject by other means.

"A party seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden."  *Hoover v.
United States Department of the Interior,* 611 F.2d 1132, 1142 n.13 (5th Cir. 1980)(citations
omitted).  That burden has not been met here.

Acushnet has advanced no reason whatsoever why it cannot ask the experts which Nitro
has designated what information Lahar may have transmitted to him or her regarding the Nitro
damage model.  Clearly, Acushnet has made no showing of any "exceptional circumstances"
which would justify Acushnet's threatened intrusion on Nitro's trial preparation materials here.

## CONCLUSION

For the reasons stated herein and in the Declarations of Amin C. Khoury and Ryan M.
Patch filed concurrently herewith, Nitro respectfully submits that Acushnet's attempt to evade
this Court's order limiting to 20 the number of non-expert depositions and to extend the
discovery cut-off date to take Lahar's deposition is without merit.  The motion should therefore
be denied.

7

In Re: Nitro Leisure Products, LLC
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

Respectfully Submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
*Attorneys for Nitro Leisure Products, LLC*
One Clearlake Centre – Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel:  (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
Florida Bar No. 066457
grichman@richmangreer.com
GARY S. BETENSKY
Florida Bar No. 434302
gbetensky@richmangreer.com
DONALL O'CARROLL
Florida Bar No. 0107816
docarroll@richmangreer.com

and

MARK YOCCA, ESQUIRE
myocca@ypylaw.com
RYAN M. PATCH, ESQUIRE
rpatch@ypylaw.com
PAUL KIM, ESQUIRE
pkim@ypylaw.com
YOCCA PATCH & YOCCA, LLP
19900 MacArthur Blvd., Suite 650
Irvine, CA 92612
Tel: (949) 253-0800
Fax: (949) 253-0870

8

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Plaintiff's Opposition to Defendant's Motion
to Permit the Deposition of David A. Lahar

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of Nitro's Motion for the Entry of an

Order Enlarging the Time within which Nitro May Respond to Acushnet's Motion to Bifurcate

was delivered via Electronic Mail and U.S. Mail this 31st day of October, 2003 to: Robert L.

Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard

Tampa, FL 33602-5730 and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second

Street, Suite 4000, Miami, FL 33131.

By: _____
GARY S. BETENSKY

i:\litig\6984-1\pleadings\opp. motion re. mot. to permit lahar depo..doc

RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN, P.A.
Miami • West Palm Beach