UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSOLIDATED CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE: NITRO LEISURE PRODUCTS, LLC

## NITRO'S MOTION FOR ENLARGEMENT OF TIME FOR NITRO TO RESPOND TO ACUSHNET'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, NITRO LEISURE PRODUCTS, LLC ("Nitro"), by and through its undersigned counsel, moves this Court for the entry of an order granting Nitro an enlargement of time to serve its response to Acushnet's Motion for Summary Judgment, and in support thereof, Nitro states as follows:

1. On October 13, 2003 Acushnet served an unopposed motion for modification of the scheduling order to extend the dates for briefing dispositive motions. [D.E. 367]

2. By order dated October 16, 2003, the Court revised the briefing schedule, providing that the motions be served by October 29, 2003, the responses be served by November 17, 2003, and the replies be served by November 26, 2003. [D.E. 370]

3. The parties have complied with the deadline for service of the motions. Unforeseen events (set forth below) have caused Nitro to expend substantial attorney resources and time since the filing of the motions on matters other than the preparation of its response, and Nitro is thus compelled to request a brief one week extension of time for Nitro to serve it's response.

4. First, Acushnet served its answer, affirmative defenses and counterclaim to the third amended complaint on October 28, 2003. [D.E. 385] In that pleading, Acushnet injected new theories into the case including – 1) allegations that Nitro's sale of recycled golf balls is unlawful because Nitro does not disclose that it re-clearcoats certain used golf balls; 2) claiming

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Motion for Enlargement of Time to Respond to
Acushnet's Motion for Summary Judgment

that Nitro's sale of used golf balls as "recycled" violates Federal Trade Commission regulations; 3) the addition of fifteen (15) affirmative defenses; and 4) seeking additional relief in the form of attorneys' fees and costs. As a result of Acushnet's substantial and pervasive amendment of its pleadings, Nitro is compelled to prepare and file a motion to strike and is in the process of doing so.

5. Second, expert witness depositions are still being taken, due to the issuance of supplemental reports and scheduling problems with the parties and experts. For example, four expert witness depositions were taken during the week of November 3, 2003 in various parts of the United States, and two expert witness depositions were taken on November 11, 2003. In fact, one of the expert depositions taken by Nitro on November 11, 2003, that of Acushnet's antitrust expert, Roger Blair (who filed a supplemental expert report late last week), is critical to Nitro's opposition to Acushnet's motion for summary judgment. The need to prepare for and attend these depositions deprived Nitro of the availability of lawyers who would otherwise have committed their time to the preparation of Nitro's response to the motion for summary judgment. Furthermore, the transcripts of these depositions are not immediately available for review and reference.

6. Third, Nitro's resources were further stretched by having to respond to a motion to quash a subpoena *duces tecum* issued to William Morgan, one of Acushnet's in-house employee experts. Because of Acushnet's intransigence in agreeing to the voluntary exchange of complete expert witness files prior to deposition, Nitro was forced to issue the subpoena. Cleverly, Acushnet filed its motion to quash in the United States District Court in Massachusetts, in an obvious attempt to circumvent the control of this Court, thus forcing Nitro to spend time

In Re: Nitro Leisure Products, LLC
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Motion for Enlargement of Time to Respond to
Acushnet's Motion for Summary Judgment

responding to that motion and requesting the Massachusetts court to transfer the issue to this Court.

7. Fourth, Nitro was forced to take a key deposition on November 6, 2003, during the period reserved for the preparation of a response to the motion for summary judgment. The witness, Chris Corcoran, formerly the buyer of Wal-Mart Canada, had originally agreed to travel from Toronto to have his deposition taken on October 1, 2003. In the interim, however, Mr. Corcoran retained counsel, and, following lengthy negotiations and the production of substantial documentation from Wal-Mart Canada, this eventually resulted in the deposition taking place in Canada on November 6, 2003. Again, two of Nitro's lead counsel were prepared for and attended the deposition in Canada during the very time reserved for work on the summary judgment motions. This deposition is also critical to Nitro's opposition and the transcript was just received on November 11, 2003.

8. Pursuant to this Court's Order dated November 3, 2003, at Acushnet's request, a Markman hearing has been scheduled with pre-hearing deadlines on November 14, 2003, November 21, 2003 and November 28, 2003, also drawing resources and time from Nitro's opposition work on the summary judgment motion.

9. Finally, one of Nitro's Florida lawyers who has been working on this case virtually full-time is unavailable from November 12, 2003 through November 19, 2003 due to his long-standing wedding plans. Given the complexity of the facts and issues raised in the motion for summary judgment, Nitro cannot afford the loss of any of its lawyers at this critical time.

Case 2:02-cv-14008-DMM   Document 473   Entered on FLSD Docket 11/14/2003   Page 4 of 6

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Motion for Enlargement of Time to Respond to
Acushnet's Motion for Summary Judgment

10. Nitro seeks only a one week enlargement of time to respond to the motion. If the Court determines that a similar enlargement should be granted to Acushnet in relation to its response to Nitro's motion for summary judgment, Nitro would request that the Court grant a corresponding one week extension for the service of replies. This enlargement would result in the issues being fully briefed by December 1, 2003. The enlargement of time would give the Court well over a month to consider the motions prior to trial.

11. The current deadline for filing proposed jury instructions is December 1, 2003. If the Court grants an enlargement for the service of responses and replies, Nitro would request that the date for filing jury instructions be enlarged until December 4, 2003.

12. Pursuant to the S.D. Fla. L.R. 26.1(H)(1), the parties have conferred on this issue. Counsel for Nitro proposed seeking an enlargement of time until November 24, 2003 for filing responses, until December 1, 2003 for filing replies and until December 4, 2003 for filing proposed jury instructions. Counsel for Acushnet is not agreeable to the enlargement of time for serving the responses and replies to the motions for summary judgment, but is agreeable to the enlargement of time for the filing of jury instructions. Nitro thus requests that the Court permit the enlargement for the service of its response to Acushnet's motion for summary judgment.

WHEREFORE, for the good cause set forth herein, Nitro moves this Court for the entry of an order granting an enlargement of time through and including November 24, 2003 within which to serve a response to Acushnet's motion for summary judgment. If the Court determines that each party should be granted an extension of time to respond to the respective motions for summary judgment, Nitro would further request that the Court enlarge the time within which each party may serve a reply until December 1, 2003, and extend the time to file proposed jury

4

Case 2:02-cv-14008-DMM Document 473 Entered on FLSD Docket 11/14/2003 Page 5 of 6

*In Re: Nitro Leisure Products, LLC*
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Motion for Enlargement of Time to Respond to
Acushnet's Motion for Summary Judgment

instructions until December 4, 2003. Pursuant to the S.D. Fla. L.R. 7.1(A)(2) a proposed order is submitted herewith.

Respectfully Submitted,

RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
*Attorneys for Nitro Leisure Products, LLC*
One Clearlake Centre – Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel: (561) 803-3500
Fax: (561) 820-1608

By: _____
GERALD F. RICHMAN
Florida Bar No. 066457
grichman@richmangreer.com
GARY S. BETENSKY
Florida Bar No. 434302
gbetensky@richmangreer.com
DONALL O'CARROLL
Florida Bar No. 0107816
docarroll@richmangreer.com

and

MARK YOCCA, ESQUIRE
myocca@ypylaw.com
RYAN M. PATCH, ESQUIRE
rpatch@ypylaw.com
PAUL KIM, ESQUIRE
pkim@ypylaw.com
YOCCA PATCH & YOCCA, LLP
19900 MacArthur Blvd., Suite 650
Irvine, CA 92612
Tel: (949) 253-0800
Fax: (949) 253-0870

In Re: Nitro Leisure Products, LLC
Case No. 02-14008-CIV-MIDDLEBROOKS/LYNCH
Nitro's Motion for Enlargement of Time to Respond to
Acushnet's Motion for Summary Judgment

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Nitro's Motion for Enlargement of Time to Respond to Acushnet's Motion for Summary Judgment was delivered via Electronic Mail and U.S. Mail this 12th day of November, 2003 to: Robert L. Ciotti, Esquire, Carlton Fields, P.A., One Harbour Place, 777 South Harbour Island Boulevard Tampa, FL 33602-5730 and Steven J. Brodie, Esquire, Carlton Fields, P.A., 100 S.E. Second Street, Suite 4000, Miami, FL 33131.

By: _____
GARY S. BETENSKY

i:\litig\6984-1\pleadings\motion for ext - resp to msj.doc

RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN, P.A.
Miami • West Palm Beach