IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE NITRO LEISURE PRODUCTS, L.L.C
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Acushnet Company's Motion to Bifurcate (DE372) filed on October 17, 2003. Nitro filed its Opposition (DE 444) on November 7, 2003. Acushnet filed its Reply (DE 488) on November 25, 2003. The Court has reviewed the file and is otherwise fully informed in the premises.

This case involves patent, trademark, antitrust, and tort issues. Acushnet urges this Court to try the intellectual property claims first and all other issues to be tried thereafter. Motion at 6. Acushnet's Reply states that they "seek only to bifurcate the presentation of evidence before one jury into an orderly format." Reply at 8. Nitro opposes Acushnet's Motion asserting "Acushnet's unconscionable delay" and the detrimental effect bifurcation would have on trial preparation at this point, approximately two months before trial. Opposition at 13.

### Standard

FED. R. CIV. P. 42(b) states that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by statute of the United States." The Federal Circuit has referred to the practice of separating patent issues from antitrust issues for trial as the now standard practice in such cases. *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). The main determination to be made by a district court in making this decision is which choice is most likely to result in a just final disposition of the litigation. *Id.* at 1085. The proponent of bifurcation in *Innotron Diagnostics* cited factors such as (1) economy is served because patent

validity issues can be removed from the antitrust trial (2) convenience of all is served by trying the less complex intellectual property issues first (3) expedition is served because the intellectual property issues are ready for trial substantially earlier than the antitrust issues can be ready (4) avoidance of prejudice and confusion is served by trying the patent issues first, without injecting the different proof and witnesses related to the antitrust counterclaims. *Id.* at 1085. The only argument asserted by the party opposing the District Court's severance was that it filed its original antitrust claims first. *Id.* at 1085. While the above cited factors guide this Court's decision, they are not determinative. The guiding principle is what will produce a just final disposition of this litigation. *Id.*

## Analysis

In addressing the possible economy of bifurcation, Acushnet argues that bifurcation will remove the patent and trademark issues from the antitrust case and possibly moot portions of the antitrust issues. Motion at 2. Nitro disagrees stating that their antitrust claim rests not only on trademark and patent related issues, but on other types of anticompetitive conduct, such as threatening customers, exclusive dealing arrangements, and artificial brand proliferation. Opposition at 12. Furthermore, the patent and trademark issues would only be removed from the antitrust portion of the case if Acushnet succeeds on its patent and trademark claims. *See Innotron* at 1085. The Court is not persuaded that economy would best be served by separating the issues based on the possibility of Acushnet's possible successful outcome of the patent and trademark claims

The second factor points to the possible convenience of all where the less complex intellectual property issues are tried first. *See Innotron* at 1085. This is a complicated case, whether or not the intellectual property claims are separated from the antitrust claims. The detail with which the jury is going to have to be concerned with the limited topic of golf balls, their manufacturing, and their markets is the same in both the intellectual property claims and the antitrust claims.

The third factor recognized by the Court in *Innotron* refers to the speed and efficiency that would be achieved by the bifurcation where the patent issues were to be ready more than a year before the antitrust issue. This is not so in the case at bar. Quite the contrary, the trial in this case is set for the two week trial period beginning January 26, 2004. To date dispositive motions have been filed, the parties have been proceeding for the almost two years as if all issues would be tried

together, to separate them now would cause delay and another level of complexity. This case will have been going on for approximately two years by the time the trial starts. Bifurcation, even with one jury, may result in two openings, two closings, two deliberations, witnesses traveling back and forth to be called to the stand more than once, and many other practical issues that would delay resolution of this matter.

The fourth factor is avoidance of prejudice and confusion being served by trying the patent issues first. *In re Innotron* at 1085. The avoidance of prejudice factor weighs equally against both parties. Both parties are asserting a number of claims against each other and will struggle to elucidate the issues to the jury.

The late stage of litigation at which this motion is brought, coupled with the speculative and slight benefit bifurcation would achieve does not persuade the Court that bifurcation would aid in the just final disposition of this litigation. *Id.* at 1084. While the Court does not find bifurcation necessary in this case, there may be a need to address the structure of the parties' presentation of evidence. The Court encourages the parties to confer and possibly reach an agreement about the presentation of evidence. If the parties have any suggestions as to the presentation of evidence, they may bring such suggestions to the Court's attention at the already scheduled Markman hearing.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Acushnet Company's Motion to Bifurcate (DE 372) is DENIED.

DONE AND ORDERED in Chambers, at West Palm Beach, Florida this _15_ day of December, 2003.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to Counsel of Record

3