COPY FOR JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-14008-CIV-MIDDLEBROOKS

NIGHT BOX
FILED
DEC 2 2 2003
CLARENCE MADDOX
CLERK, USDC / SDFL / WPB

IN RE: NITRO LEISURE PRODUCTS, LLC
_____/

## OPPOSITION OF PLAINTIFF NITRO LEISURE PRODUCTS, LLC TO ACUSHNET COMPANY'S MOTION TO STRIKE THE DECLARATION OF AMIN C. KHOURY

Plaintiff and Counterdefendant Nitro Leisure Products, LLC ("Nitro") respectfully submits this Memorandum of Law in opposition to the motion of Acushnet Company ("Acushnet") to strike the declaration of Amin C. Khoury that was submitted in opposition to Acushnet's Motion for Summary Judgment. For the reasons more fully set forth below, Acushnet's objections are generally without merit.

First, there are no inconsistencies in Khoury's testimony and, even if they were, they would go to the weight, rather than the admissibility of the evidence. Second, the statements made by Acushnet's representatives to actual or potential Nitro customers are statements being offered against a party and, therefore, are not hearsay under Federal Rule of Evidence 801(d)(2). Third, the disparaging comments that Acushnet's representatives made about Nitro's products and business reputation are not hearsay because they are not being offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Fourth, these comments

Nitro\Acushnet\Pleadings031212.Opp.Strike.Khoury.wpd



are being introduced for the purpose of showing what effect they had on the listeners and are, therefore, admissible under Federal Rules of Evidence 701 and 803(3).

## ARGUMENT

## POINT I

## EVEN IF THERE WERE CONFLICTS IN THE TWO STATEMENTS ACUSHNET QUESTIONS, ANY PURPORTED INCONSISTENCIES CREATE CREDIBILITY ISSUES WHICH ARE FOR THE JURY TO DECIDE

In Part A of its moving papers, Acushnet, almost incredulously, devotes four pages of its brief to questioning the purported inconsistencies of two relatively insignificant statements (Items 8 and 9 to Acushnet's Exhibit A) that Khoury made in his declaration and his earlier deposition testimony. In fact, neither of these statements is "inherently inconsistent." First, Nitro did in fact permanently stop making such statements as "like new," "almost new" and "pristine" on all of its packaging and advertising after the lawsuit begin; however, as Khoury explained at his deposition, Nitro's website inadvertently continued to use the word "pristine" as a result of a computer error by the web service provider. This more than adequately explains the alleged "discrepancy" between the two versions.

Second, there simply is no discrepancy between selling "recycled" golf balls as used balls and not stamping this status on the balls themselves or its packaging. It is axiomatic that consumers understand that "recycled" balls are "used" balls. Indeed, it is not customary in the trade for anyone to stamp "used" on "recycled" golf balls. Any such language on the balls themselves or on the packaging would be redundant and superfluous.

In any event, as the *Tippers* case cited by Acushnet makes abundantly clear, "[a] definite distinction must be made between discrepancies which create transparent shams and discrepancies which create an issue of credibility. 'An opposing party's affidavit should be considered although it differs from or varies [from] his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility.'" *Tippers v. Chelates Corporation* 805 F. 2d 949, 953 (11th Cir. 1986)(citing 6 Moore's Federal Practice ¶ 56.15[4] (2d ed. 1985)(footnote omitted)).

> To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness (in the case, the affiant) was stating the truth. Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.

*Id.* at 953-54.

In sum, "if a witness has made an affidavit and his deposition has also been taken, and the two in some way conflict, the court may not exclude the affidavit from consideration in the determination of the question whether there is any genuine issue as to any material fact." *Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir. 1969)(citing 6 Moore, Federal Practice ¶ 56.22(1) at 2814 (2d ed. 1965).

POINT II

THE OTHER STATEMENTS TO WHICH ACUSHNET

OBJECTS ARE NOT HEARSAY OR ARE ADMISSIBLE

UNDER AN EXCEPTION TO THE HEARSAY RULE

Acushnet principally objects to Khoury's testimony regarding the disparaging statements Acushnet's representatives made to various retailers and the retailers' reactions to these statements. These statements, however, do not constitute hearsay. "[O]pinions are freely admissible when made by a party-opponent." *United States v. Bakshinian,* 65 F. Supp. 2d 1104, 1109 (C.D. Cal. 1999)(citations omitted). "Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." Fed. R. Evid. 801(d)(2), 1972 advisory committee note. "'[I]t is ridiculous for a party-litigant to complain that his or her out-of-court statement is not subject to the safeguard of

cross-examination. The party has but to take the stand.'" McLaughlin, et al., *Weinstein's Federal Evidence* § 801.20[1] (2d ed. 1999)." *Bakshinian,* 65 F. Supp. 2d at 1109.

Accordingly, statements contained in Mr. Khoury's declaration concerning the unlawful and disparaging statements made by Acushnet's representatives are not hearsay because they constitute party admissions. Statements including but not limited to ". . . Acushnet began to implement its illegal and anti-competitive conduct,"[1] ". . . Acushnet's statements have centered around three basic themes: (1) how poor the quality is on our refurbished ball, (2) that Nitro was counterfeiting their brand, and (3) that Acushnet had legal issues with Nitro's process,"[2] ". . . Acushnet expressly represented and/or subtly implied to provide some sort of incentive (product offering) or counter incentive (deprivation of product) based on a particular retailers' support for Nitro's refurbished products,"[3] and "Acushnet had issued an industry wide press release essentially accusing Nitro of 'counterfeiting'"[4] are wholly proper.

Moreover, the fact that Mr. Khoury may have learned of these party admissions from third parties does not constitute hearsay because these statements are not being offered for the truth of the matters asserted. Instead, they are being offered to show the effect

---

[1] Khoury Decl. ¶33.

[2] Khoury Decl. ¶34.

[3] Khoury Decl. ¶34.

[4] Khoury Decl. ¶36.

Acushnet's party admissions had on these party retailers. Federal Rules of Evidence 701 and 803(3).

> In *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 260 (5th Cir. 1980), we recognized that an "out-of-court utterance must have two characteristics before it is rendered inadmissible as hearsay: It must be a 'statement"–that is a verbal assertion or conduct intended as an assertion, Fed. R.Evid. 801(a)–and it must be offered to prove the truth of the matter it asserts. ...Thus, excluded from the hearsay rule is verbal or nonverbal 'conduct when it is offered as a basis for inferring something *other* than the matter asserted.'" *Id.* at 262 (citations omitted)(emphasis in original). Consequently, an utterance may be admitted to show the effect it has on a hearer. Such verbal acts are not in the first instance assertive statements and not offered to prove the truth of the matter asserted.

*United States v. Cruz*, 805 F.2d 1464, 1477-78 (5th Cir. 1986)(citations omitted), *quoted with approval in Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1031 (M.D. Fla. 2000).

Thus, "even though an affidavit contains statements that recount information and statements allegedly made by other individuals, the information and statements made are admissible when they are offered to prove only that the statements were made, not when they are offered to prove the truth of the matters asserted therein." *Story*, 120 F. Supp. 2d at 1031

(citations omitted). *Accord, United States v. Parry*, 649 F.2d 294-95 (5th Cir. 1981)(the trial court committed reversible error in excluding a mother's testimony that her son had informed her that an individual who had been calling on the telephone was a narcotics agent since the out-of-court statement of the defendant was not offered to prove the truth of the matter asserted and was not hearsay). *See also United States v. Jennings*, 527 F.2d 862, 869 (5th Cir. 1976).

"[Plaintiff] is not offering any portion of the applicable affidavits in question to establish the truth of the matter asserted. Defendant relies on the affidavits in question to establish the effect that the alleged hearsay statements had on the listener. The statements, as asserted by [Plaintiff], are not offered to show the truth or falsity of the assertions contained therein, but are offered to show that [each retailer's change of mind was based on the statements made by Acushnet's representatives.]" *Weaver v. Tech Data Corporation*, 66 F. Supp. 2d 1258, 1265 (M.D. Fla. 1999). *See also FDIC v. Stahl*, 89 F.3d. 1510 1521 (11th Cir. 1996)(transcript was properly admitted to show the declarant's knowledge of the alleged problems and not to establish the intrinsic truth of the matter asserted).

As such, any statements from third party retailers contained in Mr. Khoury's declaration regarding Acushnet's party admissions do not constitute hearsay.

Similarly without merit are Acushnet's apparent objections to Khoury's testimony on the grounds of "speculation" or lack of personal knowledge.

> [T]his appears to be the sort of "lay opinion" that courts commonly deem admissible. *See...People v. Roldan* 211 A.D.2d 366, 369, 627 N.Y.S.2d 1014, 1018 (1st Dep't 1995)("lay opinion is properly received in evidence. Familiar examples, given in Richardson, *Evidence* § 364 (Price 10th ed.) are whether a person is angry or jesting, vigorous of feeble, sober or intoxicated...; 33 N.Y. Jur. 2d *Criminal Law,* § 1987 (2002)("A lay witness may testify as to his impressions of the emotional state of another person, including his observations as to whether such person seemed nervous, excited, angry, or feigning anger."); *see also* 4 *Weinstein's Federal Evidence* § 701.02 at p. 701-6 (2d ed 2003)(same rule for lay opinion under Federal Rules of Evidence).

*Quinones v. Miller*, 2003 WL 21276429 *53 (S.D.N.Y. June 3, 2003).

> "As Dean Wigmore has stated:
>
> "The argument has been made that, because we cannot directly see, hear, or feel the state of another persons's mind, therefore testimony to another person's state of mind is based on merely conjectural and therefore inadequate data. This argument is finical enough; and it proves too much, for if valid it would forbid the jury to find a verdict upon the supposed state of a person's mind. If they are required and allowed to find such a fact, it is not too much to hear such testimony from a witness who has observed the person exhibit in his conduct the operations of his mind.

"2 J. Wigmore, Wigmore on Evidence, § at 773-74 (3d ed. 1940). When, as here, the witness observes first hand the [conversation] in question, [his] opinions on the feelings of the parties are based on [his] personal knowledge and rational perceptions and are helpful to the jury." *John Hancock Mutual Life Insurance Co. v. Dutton*, 585 F.2d 1289, 1294 (5th Cir. 1978). *See also Kerry Coal Company v. United Mine Workers of America*, 637 F.2d 957, 967 (3d Cir. 1981).

Further, "putting . . . evidence in question through impeachment could defeat a motion for summary judgment when the moving party has the burden of persuasion." *Macuba v. Deboer*, 193 F.3d 1316, 1324 n.16 (11th Cir. 1999)(quoting *Firemen's Fund Ins. Co. v. Thien* 8 F.3d 1307, 1312 (8th Cir. 1993)). Thus, "the statement might be admissible because it. . . is used solely for impeachment purposes (and not as substantive evidence)." *Macuba*, 193 F.3d at 1324.

Finally, even if the Court were to find some sentences of the declaration objectionable, only those portions may be stricken, and it would be improper for the court to disregard the declaration in its entirety. *Lee v. National Life Assurance Co.*, 632 F.2d 524, 529 (5th Cir. 1980). "The rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion." *Id.* (citations omitted).

## CONCLUSION

For the reasons stated herein, Nitro respectfully submits that the statements which Acushnet challenges in its motion are not hearsay and/or they are admissible under a recognized exception to the hearsay rule. Accordingly, Acushnet's motion should be denied.

**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN, P.A.**

By: _____
Gerald F. Richman
Florida Bar No. 066457
Gary S. Betensky
Florida Bar No. 434302
Donall O'Carroll
Florida Bar No. 107816
One Clearlake Centre - Suite 1504
250 Australian Avenue, South
West Palm Beach, FL 33401
Tel: (561) 803-3500
Fax: (561) 820-1608

-and-

**YOCCA PATCH & YOCCA LLP**
Mark W. Yocca
California State Bar No. 137189
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Tel:   (949) 253-0800
Fax:   (949) 253-0870

*Attorneys for Nitro Leisure Products, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served this 22nd day of December 2003 by First Class Mail, postage prepaid, and by electronic email, upon the following:

Steven J. Brodie, Esq.
CARLTON FIELDS, P.A.
4000 Bank of America Tower
100 S.E. Second Street
Miami, FL 33131
sbrodie@carltonfields.com

Chris S. Coutroulis, Esq.
CARLTON FIELDS, P.A.
777 S. Harbour Island Boulevard
Tampa, Florida 33602
ccoutroulis@carltonfields.com

DONALL O' CARROLL