UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14008-CIV-MIDDLEBROOKS/LYNCH

IN RE: NITRO LEISURE PRODUCTS, LLC

_____/

FILED by _____ D.C.

DEC 31 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE comes before the Court upon the parties' Joint Motion Requesting Entry of a Protective Order as to Documents to be Produced by the United States Golf Association (DE 566) filed on December 23, 2003. The Court has reviewed said motion and is otherwise fully advised of the premises.

On July 8, 2003, Nitro issued a subpoena to the United States Golf Association (USGA) for the production of documents. Counsel for all three parties have reached an agreement as to the manner in which such documents are to be produced to protect the confidentiality of certain documents. Motion at 1. The parties now present this agreement to the Court requesting the Court enter the protective order as agreed to by the parties. Motion at 1. The agreement reached by the parties allows the USGA to designate as confidential any document it produces which relates to the USGA's testing of golf equipment. Agreement at 1. The agreement binds not only the parties involved in this litigation, but attempts to bind the Court as well by providing that any such confidential document be filed under seal except by written agreement of the parties or order of the Court. Agreement at 5.

The Court has repeatedly informed the parties of the policy of openness in court proceedings. Pursuant to S.D. Fla. L.R. 5.4 "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public

record." The Court will not be bound by the parties' agreement, particularly in regards to Court filings. Such a blanket sealing provision is against the strong common law presumption in favor of access to the public. Should extraordinary circumstances require that certain documents filed with the Court be sealed and the sealing is tailored to the interest presented, the Court will consider the appropriate motion at that time. *See Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). The Court has amended the protective order in accordance with the terms of this Order. Accordingly, it is hereby,

ORDERED AND ADJUDGED that the parties' Joint Motion Requesting Entry of Protective Order as to Documents to be Produced by the USGA (DE566) is GRANTED IN PART.

DONE AND ORDERED at Chambers, in West Palm Beach, Florida, this 31 day of December, 2003.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to counsel of record

2